PATTERSON, Acting Chief Judge.
James Quigley, pro se, appeals from the dismissal of his legal malpractice action for lack of prosecution. Stephen Johnson cross-appeals and contends that the trial court erred in finding that the amended complaint was properly verified. We reverse the dismissal and affirm as to the cross-appeal.
Quigley filed an amended complaint alleging legal malpractice, fraudulent misrepresentation, and breach of contract. In response, Johnson filed a pleading styled “Defendants’ Motions Addressed to Amended Complaint,” which contained two motions to strike and seven motions to dismiss. After a telephonic hearing on May 11, 1995, the trial court entered an order granting the motion to strike for failure to verify the complaint. The trial court gave Quigley thirty days in which to file a verified amended complaint. The order of May 23, 1995, also stated, “The Court makes no rulings at this time with respect to the Defendants’ other pending Motions Addressed to the Amended Complaint.”
Three days after entry of this order striking Quigley’s amended complaint, Quigley filed a “Verification of Amended Complaint.” Quigley then awaited the court’s action on the remaining eight defensive motions. Fifteen months after Quigley filed the verification, Johnson filed a motion to dismiss for lack of prosecution. At a telephonic hearing held on November 1, 1996, the trial court ruled that Quigley’s amended complaint was properly verified, but dismissed the case for lack of prosecution.
Quigley correctly contends that his complaint should not have been dismissed for failure to prosecute because he was waiting for the trial court to rule on Johnson’s dis-positive pending motions. See Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383, 1384 (Fla. 3d DCA 1996) (“whenever a dispositive motion is pending before the court, and the parties are awaiting the court’s ruling on that motion, the duty to proceed rests squarely upon the court”), review denied, 686 So.2d 578 (Fla.1996); Air Line Pilots Ass’n v. Schneemilch, 674 So.2d 782 (Fla. 3d DCA 1996) (holding that reliance upon anticipated rulings by trial court on dispositive motions was good cause to preclude dismissal for lack of prosecution), review denied, 683 So.2d 484 (Fla.1996). Thus, we reverse the dismissal and remand for further proceedings.
On cross-appeal, Johnson contends that the court erred in holding that Quigley’s pro se complaint was properly verified. However, nothing requires a pro se plaintiff to verify his or her complaint. Florida Rule of Judicial Administration 2.060(d) provides that every pleading by a party represented by an attorney shall be signed by the attorney and need not be verified or accompanied by an affidavit “[e]xcept when otherwise specifically provided by an applicable rule or statute.” With respect to pro se litigants, Florida Rule of Judicial Administration 2.060(e) provides, “A party who is not represented by an attorney shall sign any pleading or other paper and state the party’s address and telephone number, including area code.” Johnson has not pointed out any specific rule or statute requiring verification of Quigley’s complaint. Thus, dismissal for lack of verification is not warranted, and we affirm the trial court’s denial of Johnson’s motion to dismiss on this point.
Affirmed in part, reversed in part, and remanded.
QUINCE and WHATLEY, JJ„ concur.