624 So.2d 374 (1993)
Eric LOEVINGER, M.D., and Radiology Associates of Tallahassee, P.A., Petitioners,
v.
A.J. NORTHRUP, As Personal Representative of the Estate of Robert Northrup, David A. Horvat, M.D., Andre Jawde, M.D., David W. Brown, Physicians Assistant, Tallahassee Memorial Regional Medical Center, and Randy R. Reese, M.D., Respondents.
No. 93-1902.
District Court of Appeal of Florida, First District.
September 22, 1993.
*375 Richard B. Collins and C. Timothy Gray of Collins & Truett, P.A., Tallahassee, and Marguerite H. Davis of Katz, Kutter, Haigler, Alderman, Davis, Marks & Bryant, Tallahassee, for petitioners.
Kerrigan, Estess, Rankin & McLeod of Pensacola, and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for respondents.
WOLF, Judge.
Petitioners have requested that this court issue a writ of common law certiorari to review a decision by the trial court to deny petitioner's motion to disqualify the law firm representing the respondents. Because we find that the trial court lacked authority to enter the order, we grant the petition and quash the order denying the motion to disqualify counsel, entered on May 24, 1993.
Petitioners are defendants in a medical malpractice action in the second judicial circuit, Leon County, and are represented by the law firm of Collins & Truett, P.A. The respondent, A.J. Northrup, plaintiff below, is represented by the law firm of Kerrigan, Estess, Rankin & McLeon. On May 7, 1993, petitioners filed a motion to disqualify the Kerrigan firm because Marcus J. Michles, II, was employed as an associate with the Collins firm and did some work on the Loevinger case, and Michles is currently employed with the Kerrigan firm. Judge Davey conducted a hearing on May 18, 1993, at which time he stated he would allow affidavits and memorandums to be filed by 5:00 p.m. on May 21, 1993, and that he would rule on the motion on May 24, 1993. Petitioners filed affidavits, and also, at 4:45 p.m. on May 21, 1993, filed with the clerk's office a motion and supporting affidavits asking for the recusal of Judge Davey. These facts are undisputed. Petitioners also allege that they placed a courtesy copy in the judge's reception area at the same time the original was filed with the clerk.
On May 24, 1993, Judge Davey entered an order denying petitioner's request to disqualify the Kerrigan firm. It is this order that petitioners have asked this court to review. Petitioners filed a motion to vacate that order, claiming that Judge Davey was without authority to rule on the motion to disqualify plaintiff's counsel because they had filed the recusal motion prior to the time Judge Davey ruled on the motion to disqualify counsel. The motion to vacate was apparently never acted on, but on June 15, 1993, Judge Davey entered an order which disqualified him from presiding over the trial.
A judge faced with a motion for recusal should first resolve that motion before making any other rulings in a case. Mackenzie v. Super Kids Bargain Store, 565 So.2d 1332 (Fla. 1990). See also Adkins v. Winkler, 592 So.2d 357 (Fla. 1st DCA 1992) (trial court should proceed no further once movant for recusal demonstrates legally sufficient grounds for recusal). In Airborne Cable Television, Inc. v. Storer Cable TV of Florida, Inc., 596 So.2d 117 (Fla. 2d DCA 1992), the court determined that a trial judge may not rule on a pending motion (even though the court had heard evidence and argument of counsel) where the court has not indicated its decision prior to the *376 motion of recusal being presented to the court.
It is undisputed in the instant case that the motion for recusal was filed with the clerk's office prior to the time the trial court ruled on the motion to disqualify. It is also undisputed that the motion contained sufficient facts which required recusal of the trial judge. Judge Davey stated in his order that the motion for his recusal was not delivered to him personally until after he acted on the motion for disqualification of counsel. Respondents ask this court to interpret the requirement that a trial judge may not rule on any motions in a case after being "faced" with a recusal motion to mean that the trial judge have actual knowledge of the recusal motion. Petitioner asserts that the critical time is the time of filing. The interpretation suggested by the respondent would result in uncertainty and confusion. The time that the judge actually becomes aware of the motion is rarely documented. Papers filed with the clerk are generally time stamped at the time of receipt. An objective and documented standard which requires that a trial court rule on a properly filed motion of recusal prior to ruling on any other matters best protects the integrity of the judiciary and diminishes any potential appearance of impropriety. We, therefore, interpret the term "faced" used in MacKenzie v. Super Kids Bargain Store to mean filed. This comports with Florida law which requires that all pleadings be presented to the trial court through filing. Pan American World Airways v. Gregory, 96 So.2d 669 (Fla. 3d DCA 1957).
We grant the petition for writ of certiorari and quash the order of the trial court, with instructions that the motion for disqualification of counsel be heard by the successor trial judge.
ERVIN and BARFIELD, JJ., concur.