780 So.2d 344 (2001)
Tod TARRANT and Tableau Fine Art Group, Inc., Petitioners,
v.
Joseph J. JACOBONI, et al., Respondents.
No. 3D00-3552.
District Court of Appeal of Florida, Third District.
April 4, 2001.
Becker & Poliakoff, P.A., and Perry M. Adair, Miami, for petitioners.
Carlton, Fields, P.A., and Gary M. Pappas and Jeffrey A. Cohen, Miami, for respondents.
Before SCHWARTZ, C.J., and JORGENSON and COPE, JJ.

On Motion for Certification of Conflict
COPE, J.
The Fifth District Court of Appeal has held that if a trial court takes a motion for disqualification under advisement for more than thirty days before ruling, then the disqualification motion must be granted, regardless of the merits. Anderson v. Glass, 727 So.2d 1147 (Fla. 5th DCA 1999). We respectfully disagree and certify direct conflict with Anderson.

I.
Tod Tarrant and Tableau Fine Art Group, Inc. are defendants in the trial court. They filed a motion to disqualify the trial judge. At a hearing on September 28, 2000, the court took the disqualification motion under advisement. On November 20, 2000, the court denied it.
Defendants petitioned this court for a writ of prohibition, seeking to disqualify the trial judge. This court denied the petition by unpublished order.
Defendants have moved for certification of direct conflict, arguing in substance that if this case were pending in the Fifth District, the petition would have been granted on authority of Anderson.

II.
In Anderson, the trial court took the motion for disqualification under advisement for more than thirty days and then issued an order of denial. 727 So.2d at 1147. The Fifth District granted prohibition "because the trial court delayed too long before ruling on the motion." Id.
*345 In reaching this ruling, the Fifth District relied on Florida Rule of Judicial Administration 2.160(f), which provides in part, "If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered." The Fifth District concluded that "there is no reason for delay in entering a ruling since motions to disqualify are decided solely on the basis of legal sufficiency." 727 So.2d at 1147.
We disagree with the analysis of the Fifth District. Rule 2.160 makes no provision for the automatic granting of a disqualification motion based on a delay in the trial court's ruling. We have found no case law, apart from Anderson, which would support such a rule.
As a matter of practice, most judges enter immediate rulings on disqualification motions, as contemplated by Rule 2.160(f). There are, however, situations in which the trial court may take a disqualification motion under advisement in order to perform legal research or consider the memoranda filed by the parties. Nothing in the wording of the rule prevents the trial court from performing needed research, although plainly the intent is for the trial court to expedite its ruling.
The trial judge in this case had promised a ruling within a few days. After a few days had passed, any party could have submitted a request for ruling, reminding the judge that this matter was under advisement and needed immediate attention. Alternatively, any party could have filed a petition for writ of mandamus in this court to compel a ruling by the trial judge.
In short, avenues are readily available to litigants to obtain a prompt ruling on disqualification matters. We decline to follow the Anderson rule requiring automatic disqualification where there has been a delay of thirty days or more. We certify direct conflict with Anderson.
Direct conflict certified.