PER CURIAM.
G.C. and D.C. petition this court seeking a writ of prohibition. Specifically, they challenge the trial court’s denial of their motion to disqualify the trial judge. We grant the petition because the trial court delayed too long before ruling on the mo *526 tion. Anderson v. Glass, 727 So.2d 1147 (Fla. 5th DCA 1999).
Florida Rule of Judicial Administration 2.160(f) requires that motions to disqualify be ruled on promptly. The rule provides that “[i]f the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered.” Fla. R. Jud. Admin. 2.160(f) (emphasis added).
In the instant case, the trial judge was made aware of the motion but failed to rule on it for approximately seven weeks. This is inconsistent with the requirement that the trial court rule immediately. “The rule recognizes that prompt rulings promote public confidence in the impartiality of the trial judge while delayed rulings not only slow the litigation process but call into question the trial judge’s motives.” Anderson, 727 So.2d at 1147. A seven week delay is simply too long and unnecessarily prolongs the litigation.
We are aware that the Third District Court of Appeal disagrees with the Anderson decision, and has expressed the view that a judge might require significant periods of time to perform legal research or consider memoranda. See Tarrant v. Jacoboni, 780 So.2d 344 (Fla. 3d DCA), rev. granted, Tableau Fine Art Group v. Jacoboni, 796 So.2d 538 (Fla.2001). We see two problems with that view. First, it fails to give effect to the rule’s mandate that the judge rule “immediately”. Second, a motion for recusal is not the sort of issue that involves complex concepts and is not likely to generate extensive memoran-da. It does not involve fact-finding and most judges consider that conducting a hearing on such a motion is, at best, useless and, at worse, ill advised. Timeliness and legal sufficiency are pretty much all that is involved.
We are likewise troubled by the remedies suggested in Tarrant: either send a gentle reminder to the judge or apply for a writ of mandamus. Neither of these is a burden that should be placed on the mov-ant. The rule places the burden on the judge to rule immediately and the litigant should not be required to nudge the judge. Nor is it right to require a party to file a petition for writ of mandamus. The Anderson panel recognized that once the judge has placed a movant for disqualification in the position of having to file a petition for writ of mandamus just to get a ruling on the motion, the loss of confidence in the fairness of the trial judge is irreparable.
We further observe that contrary to the concurring opinion herein, Anderson did not impose a rigid thirty-day rule. In Anderson we simply concluded that based on the circumstances, the trial judge’s ruling more than thirty days after the court took the motion under advisement was too long. As for Tarrant, it is unclear when the motion was filed. We do know that, for some reason, a hearing on the motion was held and that there was no ruling for some fifty-one days after that. On the face of it, Tarrant and Anderson would conflict. It may simply be, however, that the record in Anderson revealed no rational basis for delay, whereas in Tarrant, the court found some rationale for a fifty-one day delay after the hearing on the motion. Nothing in Anderson suggests that there are no circumstances (like heart attack, long trial, vacation, fire or pestilence) that would excuse a greater than thirty-day delay in ruling but, in Anderson, none was made to appear. In the case now before us, the motion to disqualify was filed on August 13. Two days later, the trial judge was given a copy of petitioner’s written *527 waiver of hearing and request for an immediate ruling. When none was forthcoming after thirty days, this petition for writ of prohibition was filed. Some two weeks after the filing of the petition, on September 28, the lower court denied the motion as legally insufficient. There are no circumstances appearing on this record excusing the trial court’s failure to follow the rule.
PETITION FOR WRIT OF PROHIBITION GRANTED.
COBB and GRIFFIN, JJ., concur.
ORFINGER, R. B., J., concurs and concurs specially with opinion.