839 So.2d 765 (2003)
Karla SHAH, Appellant,
v.
Maria-Elena B. HARDING, Appellee.
No. 3D02-1598.
District Court of Appeal of Florida, Third District.
February 5, 2003.
Clarification Denied March 12, 2003.
Billbrough & Marks, and G. Bart Billbrough, Miami, for appellant.
Buchbinder & Elegant, and Harris J. Buchbinder, Miami, for appellee.
Before GERSTEN, FLETCHER and SHEVIN, JJ.
PER CURIAM.
Appellant, Karla Shah ("Shah"), seeks a new trial based upon the trial court's denial of her motion to recuse the trial judge. We reverse because the trial judge failed to follow the proper procedure in consideration of a recusal motion.
Appellee, Maria-Elena Harding ("Harding"), sued Shah for breach of a loan repayment agreement. Several months later, the trial court told the parties to appear in the trial judge's chambers at 10:30 a.m. for a hearing on pending pre-trial motions and for trial. The morning of the hearing, Shah's counsel called the judge's chambers and stated that Shah was running late. The judicial assistant advised Shah's counsel to get to the courthouse as soon as possible, because Harding's counsel was already present. Shah's counsel was further informed that it was uncertain what motions would be heard, and unclear what time proceedings would commence.
Shah and her counsel arrived at chambers approximately forty minutes late. Harding and her counsel were not present at that time. The trial court advised Shah that it entered a final default judgment as to liability only.
Within an hour, the trial court called the parties to appear back in chambers for another hearing that same day at 2:00 p.m. *766 Harding's counsel appeared in chambers for this hearing, while Shah's counsel attended telephonically. Although Harding's counsel did not utter a word, the trial judge stated that Harding's counsel "asked me to set aside the default." At Harding's counsel's request, the trial judge set trial for the following morning, even though Shah's counsel stated the case was not yet ready, there was a pending motion for continuance, and there was outstanding discovery which had not yet been produced.
Based upon these events, Shah prepared a motion to recuse the trial judge, alleging an ex parte conversation had taken place, and that Shah doubted the trial judge's impartiality. Shah filed the motion the following morning, which was the morning of trial. Shah informed the court a motion to recuse was being prepared and did not show up for the 9:45 a.m. trial.
When neither Shah nor her attorney appeared, the trial judge announced: "I did receive a call from [Shah's attorney's] office saying he's preparing a motion for recusal, but in and of itself, that doesn't mean anything. He is not here. His client isn't here. No motion is here." Thereafter, the trial judge ordered Harding's counsel to present his opening statement.
Nine minutes later, the trial judge interrupted the opening statement and stated, "Just for the record, it is now 11:16. I have a motion for recusal. I'm not going to look at it right now. I still don't have [Shah's counsel or Shah] here. Let's proceed."
Harding's counsel then presented her case to the trial judge. Shortly thereafter, the trial court ruled for Harding. Next, the trial judge turned his attention to the motion for recusal and stated, "Let the record reflect I looked at counsel's motion for recusal, and I find it insufficient as a matter of law." The trial judge then denied the motion for recusal.
When a recusal motion is presented to a trial court, the trial judge is required to immediately rule on the motion pursuant to Section 38.10, Florida Statutes (2002), and the Florida Rules of Judicial Administration, Rule 2.160. See Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla. 2000); see also Florida Bar re Amendment to Fla. Rules of Judicial Admin., 609 So.2d 465 (1992)(refusing to adopt committee recommendation which would allow ruling on a disqualification motion to be deferred). As noted in Fuster-Escalona v. Wisotsky, 781 So.2d at 1065: "When a trial court fails to act in accord with the statute and procedural rule on a motion to disqualify, an appellate court will vacate a trial court judgment that flows from that error."
Here, the trial judge's failure to rule on Shah's recusal motion until after deciding the merits of the case constituted error. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990); Fla. R. Jud. Admin. 2.160(f). Therefore, because the trial court failed to follow the rules concerning recusal, the final judgment must be reversed.
Reversed and remanded for a new trial.