853 So.2d 299 (2003)
TABLEAU FINE ART GROUP, INC., and Tod Tarrant, Petitioners,
v.
Joseph J. JACOBONI, et al., Respondents.
No. SC01-943.
Supreme Court of Florida.
May 22, 2003.
Rehearing Denied August 20, 2003.
Perry M. Adair of Becker & Pollakoff, P.A., Miami, FL, for Petitioners.
Gary M. Pappas and Jeffrey A. Cohen of Carlton Fields, P.A., Miami, FL, for Respondents.
QUINCE, J.
We have for review Tarrant v. Jacoboni, 780 So.2d 344 (Fla. 3d DCA 2001), a decision of the Third District Court of Appeal, which the Third District certified to be in express and direct conflict with the Fifth District Court of Appeal's decision in Anderson v. Glass, 727 So.2d 1147 (Fla. 5th DCA 1999). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons which follow, we approve the Third District's decision in Tarrant, but we find that a motion for judicial disqualification must be ruled on within thirty days of its filing with the court.

MATERIAL FACTS AND PROCEEDINGS
Joseph Jacoboni (Jacoboni) filed suit in circuit court against Tableau Fine Art Group and Tod Tarrant (petitioners) for *300 actions arising out of the sale of a piece of art called the Calder Mobile.[1] Jacoboni sued petitioners, alleging civil theft, fraud, and negligent misrepresentation.
Petitioners denied that they made any material misrepresentations to any of the parties. Petitioners maintained that Jacoboni's agent, Robert Lombard, knew that the seller of the Calder Mobile, Maria Stone, was represented by an agent, Dawn Gideon. Petitioners claimed that Ms. Gideon gave Tarrant the right to present the piece to interested parties. Additionally, petitioners alleged that Robert Lombard, Jacoboni's agent, was aware of other factual inaccuracies surrounding the transaction.
Subsequently, based on testimony given by Tarrant at a deposition, Jacoboni filed a motion to amend his complaint in order to add a claim for punitive damages.[2] Jacoboni argued that petitioners falsely represented through oral and verbal communications that they had the exclusive right to sell the Calder Mobile; that the owner wanted $1.6 million for the mobile; and that Tarrant's commission would only amount to $50,000. In actuality, petitioners never had the exclusive right to sell the piece of art, and the actual selling price for the piece of art was $1.3 million. Jacoboni alleged that petitioners kept the $50,000 commission and the extra $300,000 for themselves.
Petitioners filed a motion to disqualify the trial judge on August 3, 2000. In the motion, petitioners alleged that the judge made remarks during the hearing on the motion for punitive damages which created a well-founded fear that they would not receive a fair trial. At a hearing on September 28, 2000, the judge promised that a ruling on the disqualification motion would be rendered in a few days. On November 20, 2000, the trial judge denied the motion. Petitioners sought a writ of prohibition in the Third District Court of Appeal.
The Third District denied petitioners' request for a writ of prohibition. Petitioners had argued that based on the Fifth District's decision in Anderson v. Glass, 727 So.2d 1147 (Fla. 5th DCA 1999), the trial judge's delay in ruling on the disqualification motion should have resulted in the automatic granting of the motion. The Third District disagreed with the Fifth District's interpretation of Florida Rule of Judicial Administration 2.160(f), but granted petitioners' request for certification of direct conflict. See Tarrant v. Jacoboni, 780 So.2d 344 (Fla. 3d DCA 2001).

LAW AND ANALYSIS
At issue in this case is whether Florida Rule of Judicial Administration 2.160 requires the automatic granting of a motion for disqualification when a judge fails to rule immediately on the motion. Essentially this case turns on the interpretation of the meaning of the word "immediate" as used in rule 2.160. The rule provides in relevant part:
(e) Time. A motion to disqualify shall be made within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented *301 to the court for an immediate ruling....
(f) Determination  Initial Motion. The judge against whom an initial motion to disqualify under subdivision (d)(1) is directed shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered.
Fla. R. Jud. Admin. 2.160(e)-(f) (emphasis added).
Additionally, section 38.10, Florida Statues (2000), gives parties the right to seek disqualification of a trial judge for bias or prejudice. The statute reads:
Whenever a party to any action or proceeding makes and files an affidavit stating fear that he or she will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party, the judge shall proceed no further, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes in which the presiding judge is disqualified.
Rule 2.160 governs the process for judicial disqualification, while section 38.10 controls the substantive right. See Cave v. State, 660 So.2d 705, 707 (Fla.1995).
The disqualification rules are designed to keep the courts free from bias and prejudice. See Suarez v. State, 95 Fla. 42, 115 So. 519, 519 (1928). This Court has observed that the disqualification statute and rules are designed to ensure confidence in the judicial system, "as well as to prevent the disqualification process from being abused for the purposes of judge-shopping, delay, or some other reason not related to providing for the fairness and impartiality of the proceeding." Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983). Therefore, the rules permit trial courts to conduct only a "bare determination of legal sufficiency" in order to prevent an adversarial atmosphere from developing between the judge and the litigant. Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978).
Petitioners urge this Court to adopt the holding of the Fifth District in Anderson v. Glass, 727 So.2d 1147 (Fla. 5th DCA 1999). In Anderson, the petitioner filed a motion to disqualify the trial judge in a child support action. The trial judge considered the matter for more than thirty days before entering an ordering denying the motion. The Fifth District granted the petitioner's request for a writ of prohibition, finding that rule 2.160(f) required a trial judge to rule upon such motions "without delay." The court reasoned that "[t]he rule recognizes that prompt rulings promote public confidence in the impartiality of the trial judge while delayed rulings not only slow the litigation process but call into question the trial judges motives." Id. at 1147.
In the instant case, the Third District disagreed with the Fifth District's reasoning in part because it found no other case besides Anderson that interpreted rule 2.160(f) in a similar manner. See Tarrant, 780 So.2d at 345. The Third District noted that most trial judges, as part of general practice, enter immediate rulings on disqualification motions. However, the court found nothing in the rule which prevented a trial judge from taking extra time to consider a motion in order to perform research or to review memoranda filed by the parties. The Third District reasoned that a bright-line rule was unnecessary, *302 because if a judge takes a motion under advisement for too long a period, a party has a number of options, such as the right to file a petition for a writ of mandamus to compel a ruling by the trial judge.
However, this Court's decision in Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla.2000), supports the Fifth District's reasoning in Anderson. In Fuster-Escalona, this Court considered whether the failure of a judge to rule on a disqualification motion for more than one year provided a basis for a motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). In beginning its analysis, this Court noted that it has always "strictly applied" the procedural requirements of rule 2.160(f). This Court then went on to explain the meaning behind the immediacy requirement of rule 2.160(f):
[T]he rule provisions concerning "immediate" resolution have been accorded their plain meaning, which the Court has explained requires action that is "prompt" and "with dispatch." Livingston v. State, 441 So.2d 1083, 1085 (Fla. 1983). Our comment on the adoption of rule 2.160 emphasizes a trial judge's responsibility to act quickly on such a motion: "We find the motion [to disqualify] should be ruled on immediately following its presentation to the court." Florida Bar re Amendment to Fla. Rules of Judicial Admin., 609 So.2d 465, 466 (Fla.1992). When a trial court fails to act in accord with the statute and procedural rule on a motion to disqualify, an appellate court will vacate a trial court judgment that flows from that error.
Id. at 1065. As an additional matter, this Court found that the lower court's focus on the petitioner's failure to request a hearing on the disqualification motion was inappropriate. While this Court acknowledged that the petitioner should have requested a hearing to ensure that the trial court considered his motion, it noted that the rules did not require such a request to be made. Accordingly, this Court held that the failure of the trial judge to give an immediate ruling on the motion to disqualify violated rule 2.160. We agree with this reasoning.
While no case explicitly defines "immediate" as used by rule 2.160, an examination of the rule's history is instructive. Prior to the adoption of Florida Rule of Judicial Administration 2.160, Florida Rule of Civil Procedure 1.432 governed the procedure for judicial disqualification. Rule 1.432, which was repealed October 8, 1992, effective January 1, 1993, provided in part:
(d) Determination. The judge against whom the motion is directed shall determine only the legal sufficiency of the motion. The judge shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall enter an order of disqualification and proceed no further in the action.
Fla. R. Civ. P. 1.432 (1992). Rule 2.160 added new language which required a trial judge to rule immediately on the legal sufficiency of a disqualification motion. This Court rejected proposed language that gave a judge greater time for consideration: "[W]e do not adopt that portion of the committee's recommendation allowing a judge to defer ruling on a disqualification motion until after completion of the evidence or receipt of the verdict. We find the motion should be ruled on immediately following its presentation to the court." Fla. Bar re Amendment to Fla. Rules of Jud. Admin., 609 So.2d 465, 466 (Fla. 1992).
Thus, based upon the reasoning of Fuster-Escalona and the history behind the enactment of the rule, we hold that a motion for judicial disqualification filed pursuant to Florida Rule of Judicial Administration *303 2.160 must be ruled on within thirty days following its presentation to the court. We believe that thirty days gives the trial court sufficient time to determine the sufficiency of a motion. A litigant who files a motion for disqualification should not be required to file a petition for a writ of mandamus to compel a trial judge to provide a ruling on the motion. However, because this holding is to apply prospectively, we approve the decision of the Third District. Additionally, we request that the Florida Bar Judicial Administration Rules Committee draft an amendment to rule 2.160 consistent with the opinion in this case.
It is so ordered.
ANSTEAD, C.J., and WELLS, J., and SHAW, Senior Justice, concur.
PARIENTE and LEWIS, JJ., concur in result only.
NOTES
[1] The Calder Mobile is a sculpture by Alexander Calder.
[2] A hearing was held on July 25, 2000, on Jacoboni's motion for leave to amend his complaint to assert a claim for punitive damages. Jacoboni filed the motion pursuant to section 768.72(1), Florida Statutes (1999), which provides in relevant part: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."