863 So.2d 1274 (2004)
Charlie BROWN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4018.
District Court of Appeal of Florida, First District.
January 23, 2004.
Appellant, pro se.
Charles J. Crist, Jr., Attorney General and Daniel A. David, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant appeals an order denying his petition for a writ of habeas corpus. He contends, among other things, that the trial court erred by ruling on his petition prior to ruling on a pending motion for disqualification. We express no opinion on the merits of the appellant's habeas petition, but agree that the order denying it must be vacated.
A trial judge must first rule on a motion for disqualification before resolving any other matters. See Fuster-Escalona v. Wisotsky, 781 So.2d 1063, 1065 (Fla. 2000); Shah v. Harding, 839 So.2d 765, 766 (Fla. 3d DCA 2003); Loevinger v. Northrup, 624 So.2d 374, 375 (Fla. 1st DCA 1993). Once the motion has been filed, no further action can be taken, even if the trial court is not aware of the pending motion. See Loevinger, 624 So.2d at 375.
In the present case, the motion for disqualification was filed on July 16, 2001. Because of a clerical error, the motion was not placed in the court file and the trial court was not aware of the pending motion or the grounds on which it was based when the court ruled on the habeas petition on July 27, 2001. We note that the trial judge subsequently entered an order of recusal when the matter was brought to his attention. However, the order on the habeas petition must be reversed since it *1275 was resolved prior to the pending motion for disqualification. We remand with directions for consideration of the appellant's petition by a successor judge.
Reversed and Remanded.
WOLF, C.J., ERVIN and PADOVANO, JJ., concur.