900 So.2d 760 (2005)
Francisco Leonardo GOMEZ, Appellant,
v.
STATE of FLORIDA, Appellee.
No. 4D03-4808.
District Court of Appeal of Florida, Fourth District.
May 4, 2005.
Ira Karmelin, West Palm Beach, and Michael Salnick of Law Office of Salnick & Fuchs, P.A., West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
*761 GROSS, J.
On February 9, 2004 appellant Francisco Gomez filed a motion to disqualify the trial judge. The court denied the motion on June 2, 2004.
In Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299 (Fla.2003), the supreme court held that "a motion for judicial disqualification filed pursuant to Florida Rule of Judicial Administration 2.160 must be ruled on within thirty days following its presentation to the court." Id. at 302-03. Because the trial court failed to rule on the motion to disqualify within thirty days, the motion should have been granted.
Additionally, while a motion to disqualify is pending, the trial court is not authorized to rule on other pending motions; all such motions upon which the trial court rules must be vacated. See Fuster-Escalona v. Wisotsky, 781 So.2d 1063, 1065 (Fla.2000); Brown v. State, 863 So.2d 1274 (Fla. 1st DCA 2004) (holding that trial court must first rule on recusal motion before resolving any other matters).[1]
Accordingly, we reverse the ruling on the motion for recusal and on the motions to withdraw plea and to correct sentencing error. We remand the case to the circuit court, where the motions to withdraw plea and to correct sentencing error shall be assigned to a successor judge.
STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] There is a limited exception to this general rule. A trial judge may complete ministerial matters after there is a recusal motion, and even after the trial court is recused. See Fuchs v. Fuchs, 840 So.2d 449, 451 (Fla. 4th DCA 2003).