PER CURIAM.
Eric M. Hoffman petitions this court for a writ of certiorari to quash the order of the Circuit Court of Hamilton County, which, in its appellate capacity, affirmed a final judgment against Hoffman in small-claims court. We conclude that the circuit court departed from the essential requirements of law resulting in a miscarriage of justice by deciding that Hoffman was es-topped from challenging the county court’s failure to rule on his pending Suggestion of Disqualification. See Smith v. Santa Rosa Island Auth., 729 So.2d 944 (Fla. 1st DCA 1998).
Hoffman, an inmate at Glades Correctional Institution, filed a civil action against various officials of the Department of Corrections (DOC), seeking damages for the alleged loss of personal files and documents during a transfer between prisons. After the scheduled pretrial conference was continued, Hoffman received notice of the final hearing, which he attended by telephone. County Judge David E. Bem-bry stated at the close of the hearing that Hoffman had no cause of action against DOC, and recommended that he file a claim against the U.S. Postal Service. The court thereafter issued a final judgment against Hoffman.
Hoffman filed a Suggestion of Disqualification pursuant to Florida Rule of Judicial Administration 2.160 and section 38.10, Florida Statutes,(2001), and a Motion for New Trial, alleging in each motion, among other things, that the county court had *1113 erred by failing to hold a pretrial conference and had aligned itself with DOC. The court denied the Motion for New Trial without ruling on the Suggestion of Disqualification. Hoffman appealed to the Hamilton County Circuit Court, which relinquished jurisdiction for 20 days to permit the county court to consider the Suggestion of Disqualification, whereupon Judge Bembry recused himself. On appeal, the circuit court affirmed the judgment against Hoffman, who thereafter filed a petition for writ of certiorari before this court.
We reject Hoffman’s claim that certiorari is warranted because the circuit court affirmed the denial of his motion for new trial, although the county court had not conducted a pretrial conference. Hoffman fails to show that this omission so prejudiced him as to result in a miscarriage of justice. See Combs v. State, 436 So.2d 93, 95 (Fla.1983) (stating that on petition for writ of certiorari, the reviewing court “should not be as concerned with the mere existence of legal error as much as with the seriousness of the error.”).
The circuit court also rejected Hoffman’s second issue, regarding the county court’s failure to rule immediately on Hoffman’s Suggestion of Disqualification. Respondents concede that this ruling violated clearly established principles of law resulting in a miscarriage of justice. Under section 38.10 and rule 2.160(f), the county court was required to immediately rule on Hoffman’s motion to disqualify, and should not have considered the motion for new trial. See Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla.2000); Shah v. Harding, 839 So.2d 765 (Fla. 3d DCA 2003). The circuit court in its appellate capacity should have reversed the order denying the motion for new trial and remanded for the successor judge to reconsider the motion. See Brown v. State, 863 So.2d 1274 (Fla. 1st DCA 2004). “When a trial court fails to act in accord with the statute and procedural rule on a motion to disqualify, an appellate court will vacate a trial court judgment that flows from that error.” Fuster-Escalona, 781 So.2d at 1065.
The circuit court nevertheless determined that Hoffman was estopped from challenging the county court’s denial of his motion for new trial, because he had not filed a motion asking the successor judge to reconsider the motion, pursuant to Florida Rule of Judicial Administration 2.160(h),[1] which allows a successor judge to reconsider rulings that the disqualified judge made before disqualification, because they may have been tainted by the disqualified judge’s bias or interest. We conclude that rule 2.160(h) does not apply to the facts of this case. Respondent asserts that the circuit court relinquished jurisdiction for 20 days “to the county court for the purpose of obtaining a ruling on the disqualification motion.” Accordingly, the scope of the order of relinquishment did not permit Hoffman to file, or the county court to consider, a motion under rule 2.160(h). See Dep’t of Health & Rehab. Servs. v. Davenport, 609 So.2d 137 (Fla. 4th DCA 1992); Palma Sola Harbour Condo., Inc. v. Huber, 374 So.2d 1135 (Fla. 2d DCA 1979).
We grant in part Hoffman’s petition for writ of certiorari, vacate that portion of the circuit court’s order which affirmed the county court’s denial of the Motion for *1114 New Trial, and direct the court to reverse and remand to the county court for reconsideration of such motion by the successor judge.
PETITION GRANTED IN PART.
ERVIN, PADOVANO and THOMAS, JJ., concur.

. Prior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.