[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17177
Non-Argument Calendar

_____

D. C. Docket No. 05-21924-CV-AJ
BKCY No. 03-14882 BKC-RAM

In Re: KATHY M. LAYFIELD,

Debtor.

_____

KATHY M. LAYFIELD,

Plaintiff-Appellant,

versus

DEUTSCHE BANK NATIONAL TRUST COMPANY,
Secured Creditor,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 24, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Kathy M. Layfield, proceeding pro se, appeals the district court's order affirming the bankruptcy court's order finding that Layfield, the debtor, owed Deutsche Bank National Trust Co. ("DBK"), a secured creditor, $1,197,442.70. After review, we affirm.

## I. BACKGROUND

In May 2002, DBK's predecessor, Cendant Mortgage, filed a foreclosure action against Layfield in Florida state court. In August 2002, DBK was substituted as the party-plaintiff. On March 26, 2003, Layfield filed a motion for judicial disqualification in the foreclosure action. On April 30, 2003, without ruling on the motion to disqualify, the state court granted final summary judgment in favor of DBK in the amount of $1,076,320.72 and set June 6, 2003 as the date for the foreclosed property to be sold. On May 8, 2003, Layfield filed an emergency motion for rehearing in state court. The following week, Layfield filed a voluntary petition for bankruptcy under Chapter 13, which was later converted to a Chapter 11 proceeding. The state court in the foreclosure action denied Layfield's motion for rehearing and stayed further proceedings in light of the bankruptcy filing.

2

DBK filed a proof of claim in the bankruptcy proceedings, to which Layfield objected. During the bankruptcy proceedings, Layfield's property was sold, and the proceeds of the sale were placed in an escrow account. On December 30, 2004, the bankruptcy court entered an order authorizing the payment of $800,188.09 to DBK from the escrow account, which represented the entire principal owed by Layfield. The remaining dispute was over what, if any, additional amounts Layfield owed to DBK.

On April 8, 2005, after holding an evidentiary hearing, the bankruptcy court entered an order overruling Layfield's objections to DBK's secured claims. The bankruptcy court found that, under the doctrine of res judicata, the state foreclosure judgment established that the principal sum due, as of the date of the judgment, was $1,076,320.72. Additionally, the bankruptcy court found that Layfield owed DBK $86,164.57 in interest and that DBK was entitled to $34,957.52 in post-judgment escrow advances. The bankruptcy court also found that the total amount of the allowed claim was $1,197,442.70, of which $800,188.09 had already been paid, leaving a balance of $397,254.62.

Layfield appealed the bankruptcy court's order to the district court. The district court affirmed, concluding that the bankruptcy court properly applied the doctrine of res judicata as to the state court foreclosure judgment. Layfield filed

3

this appeal.

## II. DISCUSSION

On appeal, Layfield argues that the doctrine of res judicata should not apply because the state court foreclosure judgment is void under Florida law.[1]

"As the second court of review of a bankruptcy court's judgment, this Court examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court." In re Issac Leaseco, Inc., 389 F.3d 1205, 1209 (11th Cir. 2004) (quotation marks omitted). "Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard." In re Club Assocs., 951 F.2d 1223, 1228 (11th Cir. 1992). However, "legal conclusions by the bankruptcy court and the district court are reviewed by this court de novo." Id. A lower court's legal conclusions as to res judicata are subject to de novo review. N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990).

In determining the preclusive effect of a state court judgment, a federal court must look to the rules of res judicata in the state in which the judgment was

[1]In addition, Layfield argues on appeal that the lower courts were precluded from applying the doctrine of res judicata because the state court violated her due process rights when it conducted its summary judgment hearing in her absence, despite having prior notice that she would be unable to attend. However, because Layfield did not raise this argument below, this argument is deemed waived. See Irving v. Mazda Motor Corp., 136 F.3d 764, 769 (11th Cir. 1998).

4

rendered.  <u>Marrese v. Am. Acad. of Orthopaedic Surgeons</u>, 470 U.S. 373, 380, 105 S. Ct. 1327, 1331-32 (1985) (citing 28 U.S.C. § 1738, which requires federal courts to give state records and judicial proceedings full faith and credit).  Thus, Florida law controls our analysis.

In Florida, "[t]he doctrine of res judicata applies when four identities are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made." <u>Topps v. State</u>, 865 So.2d 1253, 1255 (Fla. 2004).  However, "[t]he doctrine of res judicata is not applicable where the judgment plead[ed] was entered without complying with jurisdictional requirements because for that reason the judgment is void." <u>Florida Nat'l Bank of Jacksonville v. Kassewitz</u>, 25 So.2d 271, 275 (Fla. 1946).

Layfield does not dispute that the four identities of <u>res judicata</u> are present. Instead, Layfield contends that the doctrine should not apply because the foreclosure judgment is void.  Specifically, Layfield argues that the Florida court lacked jurisdiction to enter the foreclosure judgment because the district court had failed to rule upon her motion for judicial disqualification.   Under Florida law, a motion for judicial disqualification must be ruled on within thirty days following its presentation to the court, or the motion is automatically granted.  <u>Tableau Fine</u>

5

Art Group, Inc. v. Jacoboni, 853 So.2d 299, 302-03 (Fla. 2003); see also Fla. R. Jud. Admin. 2.160(j).  Here, the state court did not rule on Layfield's disqualification motion within thirty days.  However, Layfield's disqualification motion was filed in March 2003.  The thirty-day requirement applies only to motions filed after August 20, 2003.  See id. at 303 (applying this holding prospectively); see also City of Hollywood v. Witt, 868 So.2d 1214, 1218 n. 6 (Fla. Dist. Ct. App.  2004) (noting that the mandate in Tableau did not issue until August 20, 2003).  Therefore, the state court's failure to rule on her pending motion did not mean that the motion was automatically granted and did not divest the state court judge of jurisdiction to grant summary judgment.

Accordingly, because Layfield has failed to show that the state court's foreclosure order is void, the bankruptcy court properly applied the doctrine of res judicata  to the state court foreclosure judgment and the district court properly affirmed the bankruptcy court's order.

**AFFIRMED**.

6