958 So.2d 503 (2007)
Richard Joseph SCHISLER, Petitioner,
v.
The STATE of Florida, Respondent.
No. 07-216.
District Court of Appeal of Florida, Third District.
May 30, 2007.
Fisher & Lawrence and Joshua L. Fisher and Peter A. Butlien, North Miami Beach, for Petitioner.
*504 Bill McCollum, Attorney General, and Michael C. Greenberg, Assistant Attorney General, for Respondent.
Before FLETCHER, WELLS, and SUAREZ, JJ.
WELLS, J.
Richard Joseph Schisler petitions for a writ of mandamus to direct the trial court to quash an order denying his motion to disqualify Judge Lawrence A. Schwartz, claiming the Judge's ruling was untimely under Rule 2.330(j) of the Florida Rules of Judicial Administration. We agree that because the trial court's order was untimely under the rule, Schisler's petition should be granted.
On December 8, 2006, Schisler filed a motion to disqualify Judge Lawrence A. Schwartz, claiming bias on the part of this judge. The motion was filed with the clerk of the circuit court and served by hand delivery on Judge Schwartz on the same day. According to a notation on the CJIS docket sheet, three days later, the motion was set for hearing at 9:00 a.m. on Tuesday, January 9, 2007, by Victor Wainstein, the attorney who filed the motion to disqualify on Schisler's behalf. As scheduled, the motion was heard on January 9, 2007-32 days after it was filed and servedand denied. Schisler now maintains that this matter must be reassigned because his motion was not ruled on within 30 days. We agree and grant relief.
Rule 2.330(j), as amended in 2005, expressly states that a motion to disqualify must be ruled on immediately and no later than 30 days after service under subsection (c) of the rule. This rule also provides that disqualification results upon the failure to rule on a disqualification motion within 30 days of service of the motion:
(j) Time for Determination. The judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). If not ruled on within 30 days of service, the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.
Fla. R. Jud. Admin. 2.330(J).[1]
The trial court's failure to rule on Schisler's motion within 30 days of its service therefore entitles Schisler to an order directing the clerk of the court to reassign this case. This is so even though the record confirms that the ruling was one day late, apparently because Schisler's attorney acquiesced in having the motion set for hearing outside the 30 day time frame.[2] In Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299, 302-03 (Fla.2003), the Florida Supreme Court first imposed a bright-line 30 day rule on disqualification orders.[3] It also confirmed that the burden is on the court, not the litigants, to assure a determination within 30 days:
As an additional matter, this Court in [Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla.2001)] found that the lower *505 court's focus on the petitioner's failure to request a hearing on the disqualification motion was inappropriate. While this Court acknowledged that the petitioner should have requested a hearing to ensure that the trial court considered his motion, it noted that the rules did not require such a request to be made. Accordingly, this Court held that the failure of the trial judge to give an immediate ruling on the motion to disqualify violated rule 2.160. We agree with this reasoning.
. . . .
Thus, based upon the reasoning of Fuster-Escalona and the history behind the enactment of the rule, we hold that a motion for judicial disqualification filed pursuant to Florida Rule of Judicial Administration 2.160 must be ruled on within thirty days following its presentation to the court. We believe that thirty days gives the trial court sufficient time to determine the sufficiency of a motion. A litigant who files a motion for disqualification should not be required to file a petition for a writ of mandamus to compel a trial judge to provide a ruling on the motion.
Tableau Fine Art Group, Inc., 853 So.2d at 302-03; see Fuster-Escalona, 781 So.2d at 1065 (observing "[t]he trial judge is the manager of the docket and has the ultimate responsibility to rule on pleadings that are properly pled before the court, in accord with applicable rules of procedure and court precedent"); see also G.C. v. Dep't of Children and Families, 804 So.2d 525, 526 (Fla. 5th DCA 2002)(stating that neither sending a gentle reminder to the judge nor applying for a writ of mandamus "is a burden that should be placed on the movant. The rule places the burden on the judge to rule [as required by the disqualification rule] and the litigant should not be required to nudge the judge. Nor is it right to require a party to file a petition for writ of mandamus.").
Therefore, under Rule 2.330(j), Schisler's disqualification motion is deemed to have been granted because not ruled on within 30 days. Schisler's petition for mandamus relief is therefore granted. The order under review is quashed and this matter remanded for entry of an order directing the clerk of the circuit court to reassign the instant case to a different judge.
NOTES
[1] Rule 2.330(c) governing service states that "[i]n addition to filing with the clerk, the movant shall immediately serve a copy of the motion on the subject judge as set forth in Florida Rule of Civil Procedure 1.080."
[2] Because the thirtieth day fell on a Sunday, the order would have been timely had it been entered on Monday, January 8, making the order only one day late.
[3] The Court also requested "that the Florida Bar Judicial Administration Rules Committee draft an amendment to rule 2.160 [the predecessor to current rule 2.330(j)] consistent with the opinion in this case." Tableau Fine Art Group, Inc., 853 So.2d at 303.