PER CURIAM.
Petitioner seeks review of an order denying her motion to disqualify the trial judge. Her sole basis for relief is her assertion that the order was untimely because it was issued beyond the 30-day time period specified in Rule 2.330(j), Florida Rules of Judicial Administration. The merits of the disqualification motion itself are not at issue.
Petitioner served her motion on the trial judge on November 21, 2012, seeking disqualification under Rule 2.330(j), which provides:
The [trial] judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). If not ruled on within 30 days of service, the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.
*879 Fla. R. Jud. Admin. 2.330(j). After more than 30 days had passed, petitioner filed a motion for case reassignment on December 27, 2012. On January 2, 2013, the trial judge denied both the motion for case reassignment and the motion for disqualification.
The Florida Supreme Court and other district courts have applied the 30 days rule strictly. If a trial judge does not rule on a motion to disqualify within the requisite 30 days, the motion “shall be deemed granted” by operation of Rule 2.330(j) thereby entitling the movant to seek reassignment of the case. See Tableau Fine Art Group, Inc. v. Jacoboni 853 So.2d 299, 302-03 (Fla.2003) (holding that “a motion for judicial disqualification filed pursuant to Florida Rule of Judicial Administration 2.160 [now Rule 2.330] must be ruled on within thirty days following its presentation to the court.”); Schisler v. State, 958 So.2d 503, 505 (Fla. 3d DCA 2007) (“The trial court’s failure to rule on [movant’s] motion within 30 days of its service therefore entitles [movant] to an order directing the clerk of the court to reassign this case.”). The strictness of the 30-day limit in Rule 2.330(j) is reflected in Schisler, where the trial court’s order issued just one day late. 958 So.2d at 504. Nonetheless, it was deemed untimely. Of Lightsey v. State, 53 So.3d 1093, 1093 (Fla. 1st DCA 2011) (order issued “several months” late). In addition, courts have noted that the “burden is on the court, not the litigants, to assure a determination” within that time period. Id.; see Tableau Fine Art Group, 853 So.2d at 302-03. As an example, in Schisler the Third District granted relief under the rule even though the movant’s counsel had “acquiesced in having the motion set for hearing outside the 30 day time frame.” 958 So.2d at 504 (footnote omitted).
Because petitioner’s disqualification motion was not ruled upon •within the requisite 30 days it is deemed to have been granted under Rule 2.330(j) thereby warranting mandamus relief. The order under review is quashed and this matter is remanded for entry of an order directing that this case be reassigned.
PETITION GRANTED.
VAN NORTWICK, ROWE, and MAKAR, JJ., concur.