PER CURIAM.
This petition for writ of prohibition seeks to disqualify the trial judge in a pending civil matter.
Petitioner’s properly served motion to disqualify the trial judge was pending when the trial court ruled on a motion to dismiss. “[W]hen a motion for disqualification or recusal is pending, it is the court’s duty to rule on that motion before ruling on anything else.” Sibley v. Sibley, 885 So.2d 980, 983 (Fla. 3d DCA 2004) (citing Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla.2000). In addition, because the motion to disqualify was not ruled upon within the requisite 30 days, it is deemed to have been granted under rule 2.330(j), Florida Rules of Judicial Administration. Schisler v. State, 958 So.2d 503, 505 (Fla. 3d DCA 2007)) (“The trial court’s failure to rule on [movant’s] motion [for disqualification] within 30 days of its service therefore entitles [movant] to an order directing the clerk of the court to reassign this case.”).
We therefore grant the petition for writ of prohibition, direct the trial judge to enter an order of disqualification and direct that the Chief Circuit Judge appoint a successor judge.
BENTON, VAN NORTWICK, and THOMAS, JJ., concur.