677 So.2d 1383 (1996)
Rebecca LUKOWSKY, Appellant,
v.
HAUSER & METSCH, P.A., et al., Appellees.
No. 95-2871.
District Court of Appeal of Florida, Third District.
August 21, 1996.
Kenneth E. Cohen; Fried & Luceri, P.A., and Frank Luceri (Fort Lauderdale), for appellant.
Rumberger, Kirk & Caldwell and Joshua D. Lerner and Joseph M. Maus, for appellees.
Before NESBITT, JORGENSON, and GREEN, JJ.
PER CURIAM.
The plaintiff in a legal malpractice action appeals from an order dismissing her complaint for failure to prosecute. For the following reasons, we reverse.
While a motion for summary judgment was pending before the trial court, the defendants moved to dismiss for failure to prosecute on the ground that there had been no record activity for over one year. The trial court granted the motion, and in doing so, erred.
Appellant's failure to proceed "in reliance upon anticipated rulings by the court on these motions was sufficient demonstration of good cause, we think, to preclude the dismissal of [this action]." Air Line Pilots *1384 Ass'n v. Schneemilch, 674 So.2d 782, 783 (Fla. 3d DCA 1996).
We emphasize that our holdings in this case and in Air Line Pilots establish a bright-line rule: whenever a dispositive motion is pending before the court, and the parties are awaiting the court's ruling on that motion, the duty to proceed rests squarely upon the court. During that period of the court's deliberation, the cause cannot be dismissed for lack of record activity.
Reversed and remanded for further proceedings.