781 So.2d 1063 (2000)
Francisco FUSTER-ESCALONA, Petitioner,
v.
Steven J. WISOTSKY, et al., Respondents.
No. SC93949.
Supreme Court of Florida.
November 30, 2000.
Rehearing Denied March 21, 2001.
Francisco Fuster-Escalona, Petitioner, Indiantown, Florida, pro se.
Steven Wisotsky, Coconut Grove, Florida, pro se.
William J. Berger, Boca Raton, Florida; and Heidi F. Friedman of Panza, Maurer, Maynard & Neel, P.A., Fort Lauderdale, Florida, for Respondents.
PER CURIAM.
We have for review Fuster-Escalona v. Wisotsky, 715 So.2d 1053 (Fla. 4th DCA 1998), which expressly and directly conflicts with the decision in Lukowsky v. *1064 Hauser & Metsch, P.A., 677 So.2d 1383 (Fla. 3d DCA 1996). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. The conflict issue is whether a motion to disqualify the trial judge provides a basis to dismiss the case for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e) when the motion remains pending for more than one year without being scheduled for a hearing.[1]
On July 12, 1994, petitioner-an inmate at Martin Correctional Institution-filed a complaint against respondents Wisotsky and Nova Southeastern University. In October 1994, the trial court dismissed the complaint without prejudice for failure to state a cause of action. Petitioner filed a motion for rehearing[2] and, on November 15, 1994, filed a motion to disqualify the judge. No further record activity occurred until December 29, 1995, when respondent Nova filed a motion for dismissal for failure to prosecute. The trial court granted the motion and respondent Wisotsky filed a similar motion in January 1996. After the petitioner's response, the trial court dismissed the cause of action pursuant to rule 1.420(e).
The Fourth District Court of Appeal, on rehearing, affirmed the dismissal holding that "the mere filing of a motion to recuse the trial judge, without any attempt to set the motion for hearing, is not sufficient to excuse a plaintiffs lack of record activity during the year in which the motionnot noticed for hearingremained pending." Fuster-Escalona v. Wisotsky, 715 So.2d 1053, 1054 (Fla. 4th DCA 1998). We disagree.
Section 38.10, Florida Statutes (1993), provides:
Disqualification of judge for prejudice; application; affidavits; etc.Whenever a party to any action or proceeding makes and files an affidavit stating that he fears he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party, the judge shall proceed no further, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes in which the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists and shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.
§ 38.10, Fla. Stat. (1993) (emphasis added). Florida Rule of Judicial Administration 2.160 establishes the procedural aspects of seeking disqualification. Rule 2.160 states that:
(f) DeterminationInitial Motion. The judge against whom an initial motion to disqualify under subdivision *1065 (d)(1) is directed shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.
Fla. R. Jud. Admin. 2.160(f) (emphasis added).
This Court has strictly applied the above language because an allegation of judicial prejudice is always a serious matter. Thus, the rule provisions concerning "immediate" resolution have been accorded their plain meaning, which the Court has explained requires action that is "prompt" and "with dispatch." Livingston v. State, 441 So.2d 1083, 1085 (Fla.1983). Our comment on the adoption of rule 2.160 emphasizes a trial judge's responsibility to act quickly on such a motion: "We find the motion [to disqualify] should be ruled on immediately following its presentation to the court." Florida Bar re Amendment to Fla. Rules of Judicial Admin., 609 So.2d 465, 466 (1992). When a trial court fails to act in accord with the statute and procedural rule on a motion to disqualify, an appellate court will vacate a trial court judgment that flows from that error. See, e.g., Cave v. State, 660 So.2d 705, 708 (Fla.1995) ("[W]e find that Judge Walsh's conduct failed to follow the procedural process outlined in rule 2.160 and his error requires us to vacate Cave's sentence."). Here, the trial court's failure to immediately address the motion to disqualify is inconsistent with the relevant statute, rule, and caselaw. The trial judge is the manager of the docket and has the ultimate responsibility to rule on pleadings that are properly pled before the court, in accord with applicable rules of procedure and court precedent. See Toney v. Freeman, 600 So.2d 1099, 1100 (Fla.1992) ("Trial judges should be encouraged to take an active role in keeping themselves informed of the cases assigned to them."); Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383, 1384 (Fla. 3d DCA 1996) ("[W]henever a dispositive motion is pending before the court, and the parties are awaiting the court's ruling on that motion, the duty to proceed rests squarely upon the court.").
The court's failure to promptly dispose of the motion to disqualify was aggravated in this instance by its decision to grant Nova's motion to dismiss for failure to prosecute while the motion to disqualify was still pending. See Lukowsky, 677 So.2d at 1384 (holding that an action cannot be dismissed for failure to prosecute when a dispositive motion is pending before the court). Respondent asserts an unpersuasive argument that a motion to disqualify is a nondispositive motion and, therefore, the pendency of such should not be considered record activity for purposes of deciding a motion to dismiss for failure to prosecute. To that end, respondent claims that a motion to disqualify a judge, even if granted, merely results in the installation of another judge and, thus, the case is not advanced in any way. We disagree. Record activity constitutes conduct that is greater than a passive effort to keep the case pending; it must be an affirmative action calculated to move the suit to judgment. See Toney, 600 So.2d at 1100. A motion to disqualify a judge is just such an action because until the matter is resolved the trial court cannot proceed. See § 38.10, Fla. Stat. (1993). Furthermore, the neutrality of judges is a "grave concern" even as to perception. Livingston, 441 So.2d at 1086. Under no circumstances may a judge sit in the trial *1066 of an action when his or her neutrality is shadowed or questioned. See id. at 1085. The truth-seeking function of a court proceeding is undermined when there remains an open question as to a judge harboring a prejudice against a litigant. See id. Logically, any decision by a judge under a cloud of prejudice would be suspect, thus undermining the integrity of the court proceeding and any movement toward judgment. Thus, we conclude that a motion to disqualify constitutes "record activity" with respect to a motion to dismiss for failure to prosecute.
The focus on the movant's "failure" to request a hearing on the motion to disqualify is unavailing. Clearly, it would have been better practice for the movant to request a hearing date in order to ensure that the trial court would address his motion. However, neither statute, rule, nor caselaw regarding motions to disqualify require that the movant request a hearing. This absence is in stark contrast to the emphasis on the immediacy with which the rule and caselaw require a judge to act when presented with such a motion. The district court, therefore, relied on a nonexistent requirement to undercut the effect of a pending motion to disqualify which, in turn, allowed the district court to affirm the trial court's order on the subsequently filed motion to dismiss.
This Court holds that a motion to disqualify constitutes record activity regarding a claim of failure to prosecute, and that the trial court's failure to act immediately on the motion to disqualify violated section 38.10 and rule 2.160, as did the trial court's ruling on the motion to dismiss while the motion to disqualify was pending. Thus, the decision below is quashed, the case is remanded, and we approve Lukowsky.
Finally, we hereby request that the Rules of Judicial Administration Committee submit a proposed rule that would require movants to send a copy of a motion to disqualify to the subject trial judge when the motion is initially filed with the clerk of the court. The purpose of this rule is to aid trial judges in fulfilling their obligation to rule on such motions immediately.
It is so ordered.
HARDING, SHAW, ANSTEAD and QUINCE, JJ., concur.
HARDING, J., concurs specially with an opinion.
WELLS, C.J., dissents with an opinion, in which LEWIS, J., concurs.
PARIENTE, J., recused.
HARDING, J., specially concurring.
While I concur with the majority's conclusion that a motion to disqualify constitutes record activity regarding a claim of failure to prosecute, I do so reluctantly. I believe that judges in the year 2000 must be managers as well as adjudicators, especially in light of Florida's crowded trial court dockets. Trial judges have a duty to periodically review their dockets and bring up matters which the attorneys have not set for hearing. Moreover, my experience as a trial judge has convinced me that it is the judge's, not the attorneys', responsibility to ensure that cases move through the system appropriately. While I recognize that not all courts have case management systems which would make this undertaking easy and thus it may be burdensome for some judges to monitor their cases in this manner, I still believe this crucial task must be performed by judges. No motion should be left unheard for a year.
WELLS, C.J., dissenting.
I dissent because I conclude that the district court followed this Court's decision *1067 in Toney v. Freeman, 600 So.2d 1099 (Fla. 1992). Dropping into the court file a motion to disqualify without making any attempt to get that motion heard simply does not meet the standard which this Court set in Toney of advancing a case toward resolution. Since the rules as presently constituted do not require a motion to disqualify to be presented to the judge for consideration, it is simply unfair to the defendant to ignore the plain reality that this motion to disqualify did nothing to advance the case and under the existing rule and case law does not meet the criteria for preventing the case from being dismissed for lack of prosecution. This was nothing but a passive motion. I believe it is important to note that it is not only a person who files an action who has rights and interests affected by Florida Rule of Civil Procedure 1.420(e). Parties who are sued also have the right to be free of litigation which is dormant and only hanging over them like the proverbial "black cloud."
LEWIS, J., concurs.
NOTES
[1] Rule 1.420(e) provides:

All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person....
Fla. R. Civ. P. 1.420(e).
[2] Because the trial court initially dismissed petitioner's action without prejudice in October 1994, the trial court still retained jurisdiction in the case and petitioner was entitled to file a motion for rehearing, which he did that same month. See Ludovici v. McKiness, 545 So.2d 335, 337 n. 7 (Fla. 3d DCA 1989) (litigant may move for rehearing after trial court orders a dismissal without prejudice). Petitioner filed his motion to disqualify one month later, while the motion for rehearing was still pending. Thus, contrary to respondents' claim, petitioner filed his motion to disqualify while the case was still pending before the trial court.