828 So.2d 1089 (2002)
Ferman G. DYE, Appellant,
v.
SECURITY PACIFIC FINANCIAL SERVICES, INC., Appellee.
No. 1D01-3352.
District Court of Appeal of Florida, First District.
October 30, 2002.
Walter Bell, Jacksonville, for Appellant.
Marshall G. Reissman, St. Petersburg, for Appellee.
ERVIN, J.
This is an appeal from a final order dismissing a cause of action for failure to prosecute. One year after defendant Security Pacific had filed its motion to dismiss the complaint for failure to state a cause of action, it filed a motion to dismiss the action for failure to prosecute. We agree with appellant Dye that because the earlier motion had not been disposed of, the duty to proceed rested upon the lower court. We therefore reverse and remand with directions that the complaint be reinstated.
In Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383, 1384 (Fla. 3d DCA 1996), the court adopted the following rule: "[W]henever a dispositive motion is pending before the court, and the parties are awaiting the court's ruling on that motion, the duty to proceed rests squarely upon the court. During that period of the court's deliberation, the cause cannot be dismissed for lack of record activity." The *1090 Florida Supreme Court appears to have approved the above rule in Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla.2000). There the court exercised its conflict review powers and determined that the Fourth District Court of Appeal's decision in Fuster-Escalona v. Wisotsky, 715 So.2d 1053 (Fla. 4th DCA 1998), holding the trial court had correctly dismissed a complaint for failure to prosecute for the reason that the plaintiff's pending motion to recuse the trial court without setting the case for hearing was insufficient record activity, was in express and direct conflict with Lukowsky.
Although the primary basis for the supreme court's decision turned on a construction of section 38.10, Florida Statutes (1993), providing that once a motion to disqualify is filed, a judge is required to promptly act on the motion, and nothing in the statute obligated the party requesting the disqualification to call for a hearing on the motion, other language in the court's opinion goes beyond the statutory provisions:
The trial judge is the manager of the docket and has the ultimate responsibility to rule on pleadings that are properly pled before the court, in accord with applicable rules of procedure and court precedent. See Toney v. Freeman, 600 So.2d 1099, 1100 (Fla.1992) ("Trial judges should be encouraged to take an active role in keeping themselves informed of the cases assigned to them."); Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383, 1384 (Fla. 3d DCA 1996) ("[W]henever a dispositive motion is pending before the court, and the parties are awaiting the court's ruling on that motion, the duty to proceed rests squarely upon the court.").
Fuster-Escalona, 781 So.2d at 1065.
The Fourth District has similarly refused to limit Fuster-Escalona to its specific facts. In Abaddon, Inc. v. Schindler, 826 So.2d 436 (Fla. 4th DCA 2002), the court held that the plaintiff's pending motion to appoint a commissioner in the State of Washington to take testimony and receive subpoenaed documents precluded dismissal for failure to prosecute, even though the plaintiff did not set a hearing on the motion, and there had been no other record activity during the year preceding the defendants' motion to dismiss for failure to prosecute.
REVERSED and REMANDED.
BARFIELD and WOLF, JJ., CONCUR.