862 So.2d 893 (2003)
SEWELL MASONRY COMPANY, Appellant,
v.
DCC CONSTRUCTION, INC., et al., Appellees.
No. 5D03-28.
District Court of Appeal of Florida, Fifth District.
December 19, 2003.
*895 Larry H. Colleton of Larry H. Colleton, P.A., Orlando, for Appellant.
Jim McCrae and Heather Pinder-Rodriguez of Holland & Knight LLP, Orlando, for Appellees DCC Construction, Inc., and American Home Assurance Company.
PLEUS, J.
Sewell Masonry Co. (Sewell) appeals from a final order of the trial court dismissing its action for lack of prosecution.
Sewell argues that the trial court abused its discretion in dismissing its cause alleging a construction lien, breach of contract and quantum meruit because there was, in fact, record activity during the one-year period specified in Florida Rule of Civil Procedure 1.420(e). DCC Constructors, Inc. (DCC), the defendant below,[1] counters that the court correctly dismissed the action in light of multiple periods of record inactivity and non-prosecution by Sewell.
On October 17, 1997, Sewell filed a complaint against DCC. This complaint was apparently never served. Sewell subsequently amended its complaint on March 4, 1998. This amended complaint was served. DCC filed a motion to dismiss Sewell's amended complaint on or about March 17, 1998. No notice of hearing or ruling on this motion appears in the record. Between March 17, 1998 and October 23, 1998, interrogatories and admissions were filed. From October 23, 1998 to October 5, 1999, there were 347 days of inactivity. On October 5, 1999, the trial court, sua sponte, served an order setting a case management conference and citing over 11 months of inactivity, directed Sewell to file a written report directly with the court setting forth the status of the case. Sewell never filed a written response as directed by the order. Instead, Sewell served a request for production of documents and records upon DCC on October 7, 1999, together with a notice of change of address.
Thereafter, a period of 364 days of inactivity passed. On October 6, 2000, Sewell filed and served a notice of taking deposition of DCC and a motion to compel discovery directed to its previous request for production. No notice of hearing or ruling on the motion to compel appears of record and Sewell filed a notice of cancellation of the deposition on November 3, 2000. The deposition was never rescheduled.
On August 15, 2001, Sewell filed a motion for substitution of counsel and an order authorizing substitution of counsel was entered on August 28, 2001.
On October 9, 2001, DCC filed its motion to dismiss for lack of prosecution, asserting lack of record activity for one year. On August 30, 2002, Sewell moved for leave to amend its complaint so as to file a second amended complaint. A hearing on the motion to dismiss for failure to prosecute was held on December 2, 2002, nearly 14 months after the motion was filed.
The court granted the motion and ordered the action dismissed, explaining at the conclusion of the hearing:

*896 I mean, this is as gross a sign of abuse, or example of abuse of the civil process of suing someone in 1997 and having no action taken on the file virtually over five years. Actually, I don't think it was served until March of '98. So, we are figuring four-and-a-half years.
And, I mean, there's been nothing done on this file of any substance. Nothing. Until a Motion to Amend was filed one year after substitution of counsel. It's inexcusable.
In its order dismissing the action, the court found:
1. The Court finds that this action has had a series of extensive periods of non-prosecution by Plaintiff, including October 23, 1998 to October 5, 1999, October 7, 1999 to October 6, 2000, October 6, 2000 to October 9, 2001 and August 8, 2001 to August 30, 2002.
2. The Notice of Cancellation of DCC Deposition (November 3, 2000) and the filing of Sewell Masonry Company's Response to DCC's First Request for Production of Documents (August 8, 2001) were not designed to move this case forward and are not sufficient activity to withstand Defendant's motion.
3. The Motion for Substitution of Counsel (August 15, 2001) and the Order Substituting Counsel (August 28, 2001) are not designed to move this case forward and are not sufficient to withstand Defendant's motion.
4. Plaintiff has shown a repeated and egregious lack of prosecution in this action for multiple periods of time, some for a period in excess of one year and some for period(s) less than one year, and Plaintiff has failed to show good cause as to why this action should not be dismissed due to these multiple periods of non-prosecution and inactivity.
The standard of review of a trial court's dismissal of a cause of action for failure to prosecute is abuse of discretion. Cole v. Dep't of Corrections, 726 So.2d 854 (Fla. 4th DCA 1999). Florida Rule of Civil Procedure 1.420(e) provides that in all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise, has occurred for a period of one year shall be dismissed by the court unless good cause is shown in writing.
"Record activity" is an affirmative act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987). The record activity must not be "a mere passive effort" to keep the suit on the court docket. Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972). See also, Toney v. Freeman, 600 So.2d 1099 (Fla.1992), which held that the trial court's order directing counsel to advise the court of the status of the case and the defendant's response did not constitute record activity sufficient to avoid dismissal for lack of prosecution.
The one-year period specified in Rule 1.420(e) is to be measured by calculating the time between the date of the last record activity and the date of filing of the motion to dismiss. Florida East Coast Ry. Co. v. Russell, 398 So.2d 949 (Fla. 4th DCA), rev. denied, 411 So.2d 381 (Fla. 1981).
During the one-year period prior to DCC's October 9, 2001, motion to dismiss for lack of prosecution, the following actions occurred:
(1) on November 3, 2000, Sewell filed a notice of cancellation of deposition which had previously been scheduled for November 2, 2000;
*897 (2) on August 8, 2001, a copy of Sewell's response to DCC's first request for production of documents was filed;
(3) on August 15, 2001, a motion for substitution of counsel was filed by Sewell; and
(4) on August 28, 2001, an order authorizing substitution of counsel was filed.
As to these latter two filings, it is well-settled that motions and orders regarding the withdrawal and substitution of counsel are not such record activity as to defeat a motion to dismiss for lack of prosecution. See National Enterprises, Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191 (Fla. 3d DCA 2001); Modellista de Europa v. Redpath Investment Corp., 714 So.2d 1098 (Fla. 4th DCA 1998).
Sewell argues that the notice of cancellation of deposition constitutes record activity sufficient to preclude a dismissal for lack of prosecution. DCC concedes that while the filing of a notice of taking deposition may constitute record activity under Rule 1.420(e), as an act designed to move the case forward,[2] there is no case law addressing whether the filing of a notice of cancellation of a deposition is activity designed to move a case forward and which would therefore constitute sufficient record activity to preclude a dismissal for lack of prosecution. As DCC points out, however, it seems self-evident that cancellation of a deposition is not an affirmative act designed to move the case toward disposition. Weitzel v. Hargrove, 543 So.2d 392 (Fla. 3d DCA 1989), holds that cancellation of a hearing on a pending motion in no way advances the cause and does not establish a valid reason why the case should not have been dismissed for lack of prosecution.
Sewell argues that its response to DCC's first request for production which was filed on August 8, 2001, was enough to save its case. DCC explains that it served its first request for production on March 17, 1998. On April 21, 1998, Sewell filed its notice of service of response to the request for production. It was some 40 months later, on August 8, 2001, that Sewell's April 21, 1998, response was filed in the lower court. DCC argues and the trial court correctly concluded that this filing was not designed to move the case forward and thus was not sufficient record activity to withstand dismissal for failure to prosecute.
Documents filed of record concerning discovery may, but do not always, constitute record activity sufficient to avoid a dismissal for failure to prosecute. Sheen v. The Time Inc. Magazine Co., 817 So.2d 974 (Fla. 3d DCA 2002). The discovery activity that is filed will not be sufficient to avoid a dismissal where the discovery is in bad faith and is also "without any design to move the case forward toward a conclusion on its merits." Del Duca v. Anthony, 587 So.2d 1306 (Fla. 1991). In Anthony, the supreme court approved the Second District Court of Appeal's reversal of a dismissal for failure to prosecute where some discovery activity had occurred during the year previous to the motion to dismiss. The discovery activity consisted of the filing by the plaintiff of a request to produce and of a notice of service of interrogatories. The district court had concluded that while the discovery was filed primarily to avoid the application of Rule 1.420(e), the discovery did ask for important witnesses and did assist in moving the case toward a conclusion on the merits.
*898 The same cannot be said in this case. The filing of Sewell's response to DCC's request for production of documents, which had actually been served on DCC some 40 months earlier, was clearly useless and could hardly be said to assist in moving the case toward a conclusion on the merits. Unlike the discovery in Del Duca, the discovery filing here sought no information from the opposing side and merely reflected what had occurred several years earlier. The trial court was well within its discretion in concluding that the August 8, 2001 filing of Sewell's response to DCC's request for production was not record activity sufficient to preclude a dismissal for failure to prosecute.
Once it appears that no record activity sufficient to withstand a motion to dismiss for lack of prosecution has occurred for a period of one year, a litigant such as Sewell may still show under Rule 1.420(e), the existence of "good cause" in writing at least five days before the hearing on the motion to dismiss as to why its action should not be dismissed. In Modellista de Europa, the Fourth District explained that good cause in this context is excusable conduct, other than negligence or inattention to pleading deadlines. Whether good cause has been shown is a matter within the sound discretion of the trial court. Sheen.
Sewell argues that good cause existed because it hired new counsel in August 2001. However, other than a motion for substitution of counsel filed on August 15, 2001, new counsel did not file anything of record until August 30, 2002, when it filed a motion for leave to amend the complaint. Substitute counsel failed to move expeditiously once in the case, thereby aggravating the lethargic pace of the litigation.
Sewell also argues that two motions were pending in the case, one the motion to compel discovery filed on October 6, 2000, and the other, the March 17, 1998, motion to dismiss the amended complaint filed by DCC. Both motions had been filed more than one year prior to DCC's motion to dismiss for failure to prosecute (filed October 9, 2001) and neither had been noticed for hearing before the court.
Sewell takes the position that whenever a dispositive motion is pending before the trial court, the duty to proceed rests with the trial court and the cause cannot be dismissed for lack of prosecution. Sewell cites to Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383 (Fla. 3d DCA 1996). However, in Lukowsky, a dispositive motion for summary judgment was pending before the court and the parties were awaiting the court's ruling. In reversing an order of dismissal, the Third District relied on its earlier decision in Air Line Pilots Ass'n v. Schneemilch, 674 So.2d 782 (Fla. 3d DCA 1996), wherein the pending motions had been argued and the trial court's ruling was pending. Here the motions were not set for a hearing, let alone argued to the court. The parties were not awaiting a court ruling on the motions.
Sewell additionally relies on Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla. 2000). In that case, the plaintiff filed a motion to disqualify the trial judge on November 15, 1994. No further record activity occurred until December 29, 1995, when the defendant filed a motion to dismiss for failure to prosecute. The supreme court reversed the order granting dismissal. The court explained that section 38.10, Florida Statutes, and Florida Rule of Judicial Administration 2.160(f) place responsibility on the trial judge to immediately rule on a motion to disqualify and that the failure of the plaintiff to set a hearing on the motion was irrelevant. The court placed "emphasis on the immediacy with which the rule and case law require a *899 judge to act when presented with such a motion." 781 So.2d at 1066.[3]
The First District, in Dye v. Security Pacific Financial Services, Inc., 828 So.2d 1089 (Fla. 1st DCA 2002), relied on Lukowsky and Fuster-Escalona to hold that where a motion to dismiss a complaint has not been disposed of, even though it has never been set for hearing, it is error to dismiss a cause of action for failure to prosecute. The First District's holding is predicated on the theory that it is the trial court's duty to proceed. Dye cites language in Fuster-Escalona that the trial judge is the manager of its docket and has the ultimate responsibility to rule on pleadings of record.
This extension in Dye of Lukowsky and Fuster-Escalona essentially transforms the obligation to move a case toward resolution from the parties onto the trial court. We concede that judges should be encouraged to take an active role in keeping themselves informed of the cases assigned to them, but the trial judge should not be placed in the role of scheduling hearings on motions for parties who do not themselves seek rulings on their pleadings. Litigants have an affirmative obligation to move their cases to resolution and not sit back and rely on the trial court to set their hearings for them. We therefore disagree with Dye.
This case had been pending for some four and one-half years and was still in the pleading stage when the court dismissed it for failure to prosecute. The trial court made efforts to move the case toward resolution but was thwarted. No abuse of discretion was committed in the dismissal.
We affirm the dismissal and certify conflict with Dye.
AFFIRMED; CONFLICT CERTIFIED.
THOMPSON and PALMER, JJ., concur.
NOTES
[1] Sewell's notice of appeal names DCC Construction, Inc., as appellee. This is an obvious typographical error as all the pleadings reference the defendant as "DCC Constructors, Inc."
[2] See Abaddon, Inc. v. Schindler, 826 So.2d 436 (Fla. 4th DCA 2002).
[3] Indeed, the supreme court recently ruled that a Rule 2.160(f) motion to disqualify must be ruled on by the trial judge within 30 days. Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299 (Fla.2003).