895 So.2d 1175 (2005)
Noel Thomas PATTON, Eve M. Patton, et al, Appellants,
v.
KERA TECHNOLOGY, INC., et al, Appellees.
No. 5D03-1968.
District Court of Appeal of Florida, Fifth District.
February 18, 2005.
*1177 Kenneth L. Mann of Kenneth L. Mann, P.A., Orlando, for Appellants.
John S. Schoene of John S. Schoene, P.A., Maitland, Attorney for Appellee, Kera Technology and George Cheng-Hao Huang.
Todd M. Hoepker of Todd M. Hoepker, P.A., Orlando, Attorney for Appellee Gabriel Simon.

*1176 ON MOTION FOR REHEARING

PETERSON, J.
Noel Thomas Patton, Eve M. Patton, and Edwin W. Dean, ("Appellants"), move for rehearing of our affirmance of their appeal of a final order dismissing their action, without prejudice, for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). We grant the motion and substitute the following for our previous affirmance per curiam.
Appellants were represented by a Florida attorney and by two Georgia attorneys, ("Atlanta co-counsel"), when their initial complaint was filed. In November 1999, Terrance McCollough, ("McCollough"), was substituted as Florida counsel of record for Appellants. In March 2001, McCollough filed a motion to amend the complaint, the court granted it, and McCollough provided a proposed order to the court that omitted Atlanta co-counsel from the certificate of service. Accordingly, the court sent conformed copies of the order to McCollough and to counsel for Appellees, but not to Appellants' Atlanta co-counsel. From that point forward, the certificate of service on each document filed omitted Atlanta co-counsel and, other than pro hac vice motions, no other document contained in the record bears the signature of Atlanta co-counsel.
In May 2001, McCollough filed a notice of hearing on Appellees' motions to dismiss the amended complaint and to strike, filed on May 1, 2001. The notice of hearing was signed by McCollough and listed Atlanta co-counsel. The hearing was held on July 9, 2001, but no transcript exists, and the parties disagree on the outcome of the hearing. McCollough informed Atlanta co-counsel by email that the court reserved ruling. However, Appellees assert that the court issued its ruling and instructed McCollough to submit a proposed order, which McCollough failed to do. Nothing in the record supports either party's assertion and at a subsequent hearing, the trial judge stated that he had "absolutely no recollection" of the disposition of the motions or of his decision.
More than one year after the July 9, 2001 hearing, Appellees served a motion to dismiss the case for lack of prosecution, ("LOP Motion"), on McCollough, together with a notice of hearing. Consistent with the earlier exclusions, Atlanta co-counsel were omitted from the certificate of service and were not served with either document. On August 21, 2002, the trial court entered an order dismissing the case, without prejudice, pursuant to rule 1.420(e). Again, the order was not provided to Atlanta co-counsel.
Nearly four months after the trial court entered its order of dismissal, Appellants filed an "emergency motion" for substitution of counsel, to quash orders of dismissal, and for a case status management conference. The motion alleged that the trial court's prior dismissal deprived Appellants of due process because their Atlanta co-counsel were never served with copies of the motion to dismiss, notice of hearing or *1178 order of dismissal as required by Florida Rule of Civil Procedure 1.080(b). The court agreed, quashed the earlier order dismissing the case, and allowed for the substitution of Florida counsel. Approximately two weeks later, Appellees served Appellants' substitute counsel and Atlanta co-counsel with the previously filed LOP motion. Appellants timely filed a written response asserting, inter alia, that good cause existed to preclude dismissal because: 1) local counsel McCollough abandoned the case without notifying Atlanta co-counsel; 2) record activity (the emergency motion) occurred between the time the court quashed the original orders of dismissal and the time Appellees re-served the previously filed LOP motions; and 3) the court had unfinished business that precluded dismissal because no order had been entered related to the motions argued on July 9, 2001. Following a hearing on the matter, a successor judge entered an order dismissing the case, without prejudice, for lack of prosecution. No transcript of that hearing exists and the order does not explain the reason for the dismissal. Appellants filed a motion for rehearing, reconsideration and clarification, which the court denied and this appeal followed.[1]
Appellants first assert that the court's failure to enter an order disposing of the motions argued on July 9, 2001, constitutes "unfinished business," which prohibited the court from dismissing the case. We disagree.
Generally, where a proposed order directed to a dispositive motion is submitted for review, a court retains jurisdiction over the case until the order becomes final. See Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383, 1384 (Fla. 3d DCA 1996). In that regard, the court has "unfinished business." However, the court's failure to enter an order, without more, may not always be sufficient to avoid dismissal for lack of prosecution. The plaintiff bears responsibility to expedite litigation and Plaintiff's failure to take steps within Plaintiff's control to resolve the case or to ensure prompt dispatch of court orders warrants dismissal. See Sewell Masonry Co. v. DCC Const. Inc., 862 So.2d 893 (Fla. 5th DCA 2003) (noting that "it is not the duty of the trial judge to schedule hearings on motions for parties who do not themselves seek rulings on their pleadings"); Dashew v. Marks, 352 So.2d 554 (Fla. 3d DCA 1977) (holding that the court's failure to enter a written order on an oral decision did not relieve plaintiff of the duty to proceed and did not affect the defendant's right to dismiss the case for lack of prosecution); Bakewell v. Shepard, 310 So.2d 765 (Fla. 2d DCA 1975) (holding that the court's failure to enter an order on motion argued did not constitute good cause sufficient to avoid dismissal for lack of prosecution). Here, the record indicates that no activity occurred between July 9, 2001 and July 31, 2002, when Appellees initially filed the LOP motion. The unrecorded July 9, 2001 hearing cannot shed light on the results of the hearing, and the parties disagree on whether the court issued a ruling at that time. Even if we assume that the trial judge ruled upon Appellees' motion at the hearing, but did not instruct Appellants to prepare an order, Appellants failure to take any affirmative action toward resolving the case for more than one year warrants dismissal.
*1179 Appellants next assert that the trial court abused its discretion in granting the properly served motion to dismiss because the one year time period under rule 1.420(e) had not elapsed. They argue that because the motion was not initially served on Atlanta co-counsel, and because the trial court quashed the original orders of dismissal due to improper service, the one year look-back period under rule 1.420(e) was effectively reset rendering the subsequent order of dismissal premature. Appellants further assert that when the time period is calculated from the point of proper service, it is clear that record activity occurred prior to the hearing sufficient to preclude dismissal. We disagree.
The purpose of rule 1.420(e) is to encourage prompt and efficient prosecution of cases and to clear court dockets of cases that have essentially been abandoned. E.g., Lavender v. Taylor, 704 So.2d 1157 (Fla. 5th DCA 1998). The underlying policy is to avoid protracted litigation by forcing parties to advance each case toward resolution. See Tarken v. State Dept. of Transp., 629 So.2d 258 (Fla. 3d DCA 1993). The one year period specified in the rule is to be measured by calculating the time between the date of the last record activity and the date of filing of the motion to dismiss. E.g., Florida East Coast Ry. Co. v. Russell, 398 So.2d 949 (Fla. 4th DCA 1981), rev. denied, 411 So.2d 381 (Fla.1981). Absent a stipulation staying the action, a stay order, or a showing of good cause, the time period has been interpreted as mandatory. See CPI Mfg. Co., Inc. v. Industrias St. Jack's, S.A. De C.V., 870 So.2d 89, 91 (Fla. 3d DCA 2003) (holding that Fla. R. Civ. P. 1.090(b)(2)'s permissive time enlargement may not be used to extend the mandatory one year failure to prosecute period in rule 1.420(e)); see also Berenyi v. Halifax Hosp. Medical Ctr., 498 So.2d 655, 656 (Fla. 5th DCA 1986) (refusing to extend the one year period under 1.420(e) where the progress of appellant's case was completely within her own control and appellant failed to prosecute within the time period); Tarken, 629 So.2d at 259 (holding that when a stay is in effect, but plaintiff retains complete control over the progress of the case, the one year period should not be extended).
Rule 1.420(e) requires the parties to be provided with reasonable notice before an action is dismissed. It is undisputed that Atlanta co-counsel were not notified of, and thus had no opportunity to be heard at the first hearing on Appellees' LOP motion. The trial court recognized the impropriety of initially granting Appellees' motions and properly quashed the order. See, e.g., Pierce v. Anglin, 721 So.2d 781 (Fla. 1st DCA 1998) (reversing the trial court's order and remanding for a hearing following proper notice to all interested parties). However, the same is not true for the second hearing. Appellants were notified two weeks prior to the second hearing, allowing them sufficient time to submit a timely response demonstrating good cause sufficient to avoid dismissal. Further, Appellants were provided with an opportunity to be heard during the second hearing. Although no transcript of the hearing exists, the parties' briefs agree that the trial court heard argument of counsel, concluded that Appellants failed to demonstrate good cause, and dismissed the action without prejudice. On these facts, extending the one year time period under rule 1.420(e) is unwarranted. See, e.g., Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977) (noting that it is an abuse of discretion for a trial court to deny a motion to dismiss for lack of prosecution under rule 1.420(e) where there has been no affirmative activity in the case for a period of one *1180 year preceding the filing of the motion and good cause has not been shown as to why the action should remain pending). The fact that Appellants filed documents that may otherwise constitute record activity prior to entry of the second court order does not justify extending the time period.
Finally, Appellants assert that because McCollough abandoned the case without informing them or Atlanta co-counsel, and perpetrated fraud by providing Atlanta co-counsel with incorrect information regarding the status of the case, the trial court abused its discretion in dismissing the case. Implicit in this argument is the presumption that had Atlanta co-counsel or Appellants been timely informed that the case was not being moved forward by McCollough, or that there was a possibility that the case would be dismissed, Atlanta co-counsel or Appellants would have promptly taken some affirmative action to avoid dismissal. Notwithstanding the fact that the record supports Appellants' assertion that McCollough abandoned this case, and misrepresented the status of the case to co-counsel, several facts militate against reversing the trial court's order on that basis.
First, the misinformation provided by McCollough to Atlanta counsel was provided by a series of emails following the July 9, 2001 hearing on Appellants' substantive motions. The parties exchanged several emails between July 21, 2001 and October 7, 2001. Beyond October 7, 2001, no other communication between the parties exists in the record. Although Atlanta counsel may have been justified in relying on McCollough's initial report regarding the status of the case, their continued reliance without action or inquiry for nearly a year is unreasonable.
Second, Appellants asserted in their motion to quash that they "began considering in June 2002, and decided in October 2002, to change local counsel" and reviewed the docket in "late June 2002." After attempting to contact McCollough on October 9, 2002, they reviewed the docket again, "only to discover that subsequent motions to dismiss and orders of dismissal of this case for failure to prosecute were filed on July 31, August 1, August 21, August 22, 2002 respectively." Appellants' surprise appears disingenuous, at best. A reasonably prudent attorney would likely recognize the risk of dismissal under these facts. When Appellants reviewed the record in "late June 2002," the record indicated that no activity had occurred for eleven months, yet Appellants failed to file any document for nearly six months. Substitute counsel apparently contacted McCollough in late June 2002 when the latter reported that the trial court still had not ruled on the motions heard June 9, 2001.
Considering the totality of the circumstances in view of the limited record on appeal, the trial court's order does not constitute an abuse of discretion. Appellants must bear the consequence of McCollough's initial failure to prosecute, and subsequent counsel's failure to take action to avoid dismissal. See Modellista de Europa (Corp.) v. Redpath Inv. Corp., 714 So.2d 1098, 1099-1100 (Fla. 4th DCA 1998). Accordingly, we affirm the trial court's order of dismissal.
AFFIRMED.
SAWAYA, C.J., and MONACO, J., concur.
NOTES
[1] This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A) and Art. V. § 4(b), Fla. Const. A trial court's dismissal of a cause of action for failure to prosecute is reviewed under an abuse of discretion standard. Cole v. Dep't of Corrections, 726 So.2d 854 (Fla. 4th DCA 1999).