946 So.2d 983 (2006)
Noel Thomas PATTON, et al., Petitioners,
v.
KERA TECHNOLOGY, INC., et al., Respondents.
No. SC05-667.
Supreme Court of Florida.
October 26, 2006.
Rehearing Denied December 28, 2006.
*984 Wendy Shay Temple and Howard S. Marks of Graham, Builder, Jones, Pratt and Marks, LLP, Winter Park, FL, for Petitioners.
John S. Schoene, Maitland, Florida and Todd M. Hoepker, Orlando, FL, for Respondents.
PER CURIAM.
We have for review Patton v. Kera Technology, Inc., 895 So.2d 1175 (Fla. 5th DCA 2005), which expressly and directly conflicts with the decision of the First District Court of Appeal in Dye v. Security Pacific Financial Services, Inc., 828 So.2d 1089 (Fla. 1st DCA 2002), and the decision of the Third District Court of Appeal in Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383 (Fla. 3d DCA 1996). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

FACTS AND PROCEEDINGS BELOW
In December 1998, Noel Thomas Patton, Eve M. Patton, and Edwin W. Dean (petitioners) filed suit against Kera Technology, Inc., George Cheng-Hao Huang, Gabriel Simon, and Unidata, Inc. (respondents) for recovery under a contract and two promissory notes. Petitioners were represented by a Florida attorney and two Georgia attorneys from Atlanta. In November 1999, Terrance McCollough became Florida counsel of record for the petitioners.
In early May 2001, respondents filed motions to dismiss or strike the amended complaint. McCollough filed a notice of hearing on the motions, and a hearing was held on July 9, 2001. No transcript of the hearing exists, and the parties disagree about the outcome. According to petitioners, they were informed by McCollough that the trial judge reserved ruling on the motion. According to respondents, the trial judge ruled on the motion by granting the motion in part and denying the motion in part. Respondents further contended that the trial judge instructed McCollough to submit a proposed order, which McCollough failed to do. On appeal, the Fifth District Court of Appeal concluded that nothing in the record supported the assertions of either party. At a subsequent hearing, the trial judge stated that he had "absolutely no recollection" of the proceedings.
Over one year later, in late July and early August 2002, respondents filed motions to dismiss for lack of prosecution *985 (LOP motions) pursuant to Florida Rule of Civil Procedure 1.420(e). The court held a hearing on the LOP motions, and on August 22, 2002, the court entered an order granting the LOP motions and dismissing the case without prejudice. Consistent with the past practice of the parties, Atlanta counsel was not served with copies of the motions or the court's order.
On December 10, 2002, the petitioners, through new Florida counsel, filed a motion seeking substitution of counsel and to have the orders of dismissal quashed. Petitioners argued that the dismissal violated their due process rights because Atlanta counsel was not served with copies of the LOP motions. The court agreed with petitioners, and on February 26, 2003, issued a written order quashing the dismissal and granting the motion for substitution of Florida counsel.
Soon thereafter, respondents served petitioners with notices of hearing on the previously filed LOP motions along with copies of the LOP motions attached as exhibits. Service was provided to substitute Florida counsel and Atlanta counsel. On March 3, 2003, petitioners filed a response and objection to the LOP motions. On March 10, 2003, a new judge heard the motions and took the matter under advisement. On April 8, 2003, the new trial judge granted the LOP motions and dismissed the case for lack of prosecution pursuant to rule 1.420(e). No transcript of the March 10, 2003, hearing exists, and the order does not explain the reason for dismissal.
Petitioners appealed the trial court's dismissal to the Fifth District, arguing the following: (1) the trial court's failure to enter an order disposing of the motions argued on July 9, 2001, constituted "unfinished business" that precluded dismissal; (2) dismissal was improper because the one-year time period required under rule 1.420(e) had not elapsed; and (3) McCollough's abandonment of the case and misrepresentations regarding the status of the case provided good cause to preclude dismissal. After evaluating and rejecting each claim, the Fifth District affirmed the trial court's dismissal. Patton, 895 So.2d at 1180.

CONFLICT ISSUE
The conflict at issue in the present case concerns petitioners' claim that it was improper to dismiss the case for failure to prosecute because there was a motion pending before the court. When addressing this claim, the Fifth District found that a trial court's failure to enter an order disposing of a motion is not always sufficient to avoid dismissal for lack of prosecution. Noting that a plaintiff bears the responsibility to proceed with litigation that the plaintiff has initiated, the Fifth District held that dismissal was warranted in this case because the petitioners failed to take steps within their control to resolve the case or to ensure prompt dispatch of court orders. Patton, 895 So.2d at 1178.
The Fifth District's decision in Patton is in apparent conflict with decisions by other district courts reversing dismissals for failure to prosecute because motions were pending. In Lukowsky, the Third District Court of Appeal reversed an order dismissing a case because a motion for summary judgment was pending before the trial court. The Third District specifically held that "whenever a dispositive motion is pending before the court, and the parties are awaiting the court's ruling on that motion, the duty to proceed rests squarely upon the court. During that period of the court's deliberation, the cause cannot be dismissed for lack of record activity." Lukowsky, 677 So.2d at 1384. In Dye, the First District Court of Appeal similarly reversed a dismissal for failure to prosecute *986 because there was a motion to dismiss for failure to state a cause of action for which there had been no disposition. The First District held that in such situations, the duty to proceed rests on the trial court. As support for its decision, the First District cited to the Third District's decision in Lukowksy.
In Fuster-Escalona v. Wisotsky, 781 So.2d 1063, 1065 (Fla.2000), this Court cited to Lukowsky. Noting this citation, the First District in Dye concluded that this Court appears to have approved Lukowsky's broad holding that pending motions preclude dismissal for failure to prosecute. Dye, 828 So.2d at 1090.

ANALYSIS
Rule 1.420(e) creates a mechanism for the dismissal of actions that have not been diligently prosecuted. At the time of the trial court's dismissal in this case, rule 1.420(e) provided:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. Pro. 1.420(e) (2003). In Wilson v. Salamon, 923 So.2d 363 (Fla.2005), we recently held that this rule was to be given its plain meaning. We stated:
However, the language of the rule is clearif a review of the face of the record does not reflect any activity in the preceding year, the action shall be dismissed, unless a party shows good cause why the action should remain pending; however, if a review of the face of the record reveals activity by "filings of pleadings, order of court, or otherwise," an action should not be dismissed.
Id. at 368. This Court has identified a two-step test to be applied by trial courts considering whether a dismissal for failure to prosecute is proper under rule 1.420(e): "[F]irst, the defendant must show that there was no record activity for the year preceding the motion. Second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." Metropolitan Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001).
In the present case, there was no activity on the face of the record in the year preceding the filing of the LOP motions in late July and early August 2002. The last record activity in the case was a hearing on the respondents' motions to dismiss held on July 9, 2001. Since there was no record activity, the second step of the analysis applied, and it was incumbent upon petitioners to establish good cause why the action should not be dismissed.
The second step of the analysis places the burden on the non-moving party to demonstrate why the case should remain pending. Wilson, 923 So.2d at 367 n. 2 ("During the second step, however, the analysis favors the defendant, and the plaintiff has the `high' burden to establish good cause."). Once a case has been dismissed pursuant to rule 1.420(e), the party seeking to reverse the dismissal on appeal must demonstrate that the trial court's determination of good cause was an abuse of discretion. See, e.g., Hall, 784 So.2d at 1090 n. 4; Andres v. City of Jacksonville, *987 911 So.2d 1286, 1286 (Fla. 1st DCA 2005); Chase v. Lavender, 810 So.2d 1004, 1005 (Fla. 5th DCA 2002) ("The standard of review of the trial court's dismissal for lack of `good cause' under Rule 1.420(e) is abuse of discretion."). Therefore, the appellate issue in Patton was whether the trial court abused its discretion when it found that petitioners failed to meet their burden of showing good cause why the case should not be dismissed.
The district court decisions of Lukowsky and Dye do not follow this two-step procedure. Rather, the Third and First Districts found that a trial court has a duty to proceed when there is a pending motion for which there has not been a disposition. We do not agree with these holdings. The holdings do not adhere to the plain meaning of the rule and the two-step procedure. Where there has been no record activity for a year, we reiterate that the second step requires a determination of good cause.
In a situation where there is a pending motion, the issue when applying the second step is whether the pending motion provided good cause why there was no record activity during the one-year period. We do not approve the First District's reading of our decision in Fuster-Escalona as holding that an LOP motion cannot be granted if there is any pending motion. In Fuster-Escalona, the pending motion provided good cause because of the statute and rule of procedure requiring the trial court to rule on a motion to disqualify the trial judge. Fuster-Escalona, 781 So.2d at 1066. Our Fuster-Escalona decision is distinguished on that basis.
In the present case, the court was not subject to a statutory or procedural requirement as in Fuster-Escalona. Here, the parties disagree about the outcome of the July 9, 2001, hearing on the motions at issue. Respondents contend that the trial judge ruled on the motions at the hearing and directed petitioners' counsel, McCollough, to prepare a proposed order in accord with the ruling. Petitioners, on the other hand, dispute these contentions and claim that they are unsubstantiated and self-serving. Because no transcript of the hearing existed and because the trial judge stated that he had "absolutely no recollection" of the proceedings, the Fifth District determined that the record did not support the contentions of either party. We reiterate that the burden was on petitioners to demonstrate good cause why the case should not be dismissed. Petitioners could not rely on a silent record.
Moreover, the record indicates that petitioners submitted no evidence on the issue of good cause prior to the court's consideration of the LOP motions on March 10, 2003. See Fla. R. Civ. Pro. 1.420(e) (good cause must be shown in writing at least five days before the hearing on the motion why the action should remain pending). If petitioners could have shown that a dispositive motion remained pending, in which the trial judge had not issued even an oral ruling, that would have furnished good cause under the rule. In Hall, we expressly stated the following:
[W]hen there is no record activity for a year and a hearing is set on a dismissal motion, the non-moving party must set forth in writing five days before the hearing the record activities that move the case forward to a conclusion upon which that party relies as good cause.
784 So.2d at 1090. Petitioners timely filed a response and objection to the LOP motions before the hearing on March 10, 2003, but the filing was not supported by affidavit or deposition testimony. Furthermore, there is no transcript of the March 10, 2003, hearing. Consequently, *988 there is no record of the arguments or evidence, if any, advanced by petitioners at the hearing to show good cause.[1] In sum, petitioners failed to meet their burden of establishing good cause.

CONCLUSION
For the foregoing reasons, we approve the result reached in Patton v. Kera Technology, Inc., 895 So.2d 1175 (Fla. 5th DCA 2005). We disapprove of the holdings in Dye v. Security Pacific Financial Services, Inc., 828 So.2d 1089 (Fla. 1st DCA 2002), and Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383 (Fla. 3d DCA 1996), to the extent that those decisions are in conflict with this decision. We decline to reach any additional issues raised by petitioners.
It is so ordered.
WELLS, PARIENTE, CANTERO, and BELL, JJ., concur.
LEWIS, C.J., concurs in result only.
QUINCE, J., dissents with an opinion, in which ANSTEAD, J., concurs.
QUINCE, J., dissenting.
I agree with the majority that "[i]f petitioners could have shown that a dispositive motion remained pending . . . that would have furnished good cause under the rule." Majority op. at 9. However, I do not agree with the majority's conclusion that petitioners did not meet their burden of demonstrating good cause under rule 1.420(e). The trial court failed to enter an order disposing of the motions at issue. Because there were dispositive motions still pending, this case should not have been dismissed for failure to prosecute.
ANSTEAD, J., concurs.
NOTES
[1] Petitioners eventually submitted affidavits to support their good-cause argument, but petitioners did not do so until rehearing after the trial court had dismissed the case for failure to prosecute. This belated filing did not meet the time requirements of the rule.