2013 COA 83

Tammy HUDAK, Plaintiff–Appellee,

v.

MEDICAL LIEN MANAGEMENT, INC., a Colorado corporation, Defendant–Appellant.

Court of Appeals No. 12CA1694

Colorado Court of Appeals, Div. III.

Announced May 23, 2013

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2012.

No Appearance for Plaintiff–Appellee.

Robinson, Waters & O'Dorisio, P.C., Otto K. Hilbert, II, Zachary P. Mugge, Laura J. Ellenberger, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY

¶ 1 Defendant, Medical Lien Management (MLM), appeals the district court's judgment dismissing with prejudice its counterclaims against plaintiff, Tammy Hudak, for failure to prosecute. We reverse and remand with directions.

## I. Background

¶ 2 In 2006, Hudak was injured in an automobile accident. Because she was unable to pay for her medical treatment, she entered into "lien" agreements with various medical providers to obtain that treatment. Pursuant to those agreements, she received medical care in exchange for the providers' right to (1) place liens on any settlement or judgment funds she might obtain in a personal injury action against the alleged tortfeasor and (2) collect from her any amounts owed above that recovered in a settlement or judgment.

¶ 3 After obtaining a $47,000 settlement in her personal injury action, Hudak filed a motion for declaratory and interpleader relief naming MLM, among several others, as an interpleader defendant. MLM, which had accumulated or been assigned a lien balance of $40,430.70, filed breach of contract, unjust enrichment, and account-stated counterclaims against Hudak for any amount owed after distribution of the interpleaded funds.

¶ 4 MLM filed a motion for summary judgment, claiming priority over other interpleader defendants to the interpleaded funds, and a right to judgment on its counterclaims. After stating, "I'm not going to deal with [part of MLM's motion for summary judgment] right now," the court determined that, because MLM had second priority, MLM was entitled to recover only $20,353.75 of the interpleaded funds.[1] The district court did not, however, subsequently rule on that part of MLM's summary judgment motion relating to its counterclaims; instead, without notice to MLM, it entered an order closing the case.[2]

---

1. This left Hudak purportedly owing MLM a balance of $20,076.95.

2. The order closing the case was apparently entered on LexisNexis File & Serve. While that would have been sufficient, under the current version of C.R.C.P. 58(a), to provide MLM— whose representatives were absent from court when the order was signed—with notice, the version of the rule in effect at the time the order was entered required notice be provided by mail. See C.R.C.P. 58(a) (amended and adopted December 12, 2011, effective January 1, 2012, stat-

¶ 5 Thirteen months later, MLM filed a renewed motion for summary judgment with respect to its counterclaims. Upon Hudak's motion, the district court, acting though a different judge, dismissed MLM's counterclaims for failure to prosecute, reasoning:

MLM has not presented a sufficient and reasonable explanation, nor any mitigating circumstances, to justify its failure to ever contact the Court or do anything else on this case, for over 13 months. MLM contends that it believed that the Court had "bifurcated" its counterclaims from the priority issue and that the case was still ongoing to hear and determine the counterclaims .... But, there is no mention of any "bifurcation"; indeed, the Court closed the case immediately after ordering the distribution of the settlement monies according to the priority schedule ordered by the court, indicating that the court believed the case was completely over, not that it was "an ongoing, unsettled matter" as alleged by MLM .... Typically[,] counsel call the courtroom clerk to check on a motion that has been fully briefed and not ruled on for several months—apparently this did not occur. Moreover, MLM should have filed a request for clarification, or a preservation of rights, making it explicit that its receipt of the priority distribution was not a settlement of its entire counterclaim. It is unreasonable, and prejudicial to Plaintiff (especially because her attorney has lost contact with her) to treat MLM as if it had properly preserved its claim 18 months later.

## II. Failure to Prosecute

¶ 6 MLM contends that the district court erred in dismissing its counterclaims for failure to prosecute. Under the circumstances, we agree.

¶ 7 A district court has the discretion to dismiss a claim for failure to prosecute with due diligence. *Lake Meredith Reservoir Co. v. Amity Mut. Irrigation Co.,* 698 P.2d 1340, 1344 (Colo.1985); *see* C.R.C.P. 41(b)(2), 121 § 1–10(1). We will not reverse

a district court's decision to dismiss for failure to prosecute unless the court's decision was manifestly arbitrary, unreasonable, or unfair. *See Streu v. City of Colorado Springs,* 239 P.3d 1264, 1268 (Colo.2010).

¶ 8 In making this assessment, we do not consider whether we would have reached a different result, but only whether the district court's decision fell within the range of reasonable options. *See Hall v. Moreno,* 2012 CO 14, ¶ 54, 270 P.3d 961 (discussing abuse of discretion standard).

¶ 9 In evaluating a motion to dismiss for failure to prosecute, "a trial court must bear in mind that courts 'exist primarily to afford a forum to settle litigable matters between disputing parties,' " and balance the "policy favoring prevention of unreasonable delay in litigation against the policy favoring resolution of disputes on the merits." *Lake Meredith Reservoir Co.,* 698 P.2d at 1344–45 (quoting *Mizar v. Jones,* 157 Colo. 535, 537, 403 P.2d 767, 769 (1965)). "Dismissal with prejudice is a drastic sanction to be applied only in extreme situations." *Nelson v. Blacker,* 701 P.2d 135, 137 (Colo.App.1985).

¶ 10 Ultimately, the burden is on the plaintiff (or, its functional equivalent, here, the counterclaimant[3]) to prosecute a case in due course without unusual or unreasonable delay. *Streu,* 239 P.3d at 1268. Thus, absent a showing by the plaintiff of mitigating circumstances or a reasonable excuse for the delay, an unusual delay in prosecution justifies the exercise of the trial court's discretion in dismissing the action. *Lake Meredith Reservoir Co.,* 698 P.2d at 1344; *see Streu,* 239 P.3d at 1268 ("An unreasonable delay or lack of diligence in prosecution will justify dismissal, unless the plaintiff presents mitigating circumstances sufficient to excuse the delay.").

¶ 11 Under C.R.C.P. 121 § 1–10(3), if a "case has not been set for trial," a lack of "activity of record in excess of 12 continuous months shall be deemed prima facie failure to prosecute."

---

ing, court orders "shall be immediately mailed or e-served by the court").

**3.** *See* C.R.C.P. 41(c)

¶ 12 Here, the case was inactive for thirteen months before MLM renewed its motion for summary judgment with respect to its counterclaims. MLM urges, as a mitigating circumstance or a reasonable excuse for delay, that it was awaiting a ruling by the district court on its pending motion for summary judgment.

¶ 13 We acknowledge that "[a] trial court is required to consider and rule upon a motion within a reasonable time." *In re Ramirez*, 994 S.W.2d 682, 683 (Tex.App. 1998). But we also agree with the general principles, implicit in the district court's decision:

● "A plaintiff's affirmative duty to prosecute a lawsuit diligently extends to pursuit of motions pending before the court." *Ripalda v. Am. Operations Corp.*, 673 A.2d 659, 663 (D.C.1996); and

● "It is the plaintiff's duty to inquire within a reasonable time about the inaction [on] his claim and take appropriate steps to bring his case to [resolution]." *Sitwellv. Gov't Emp. Ins. Co*, 263 A.2d 262, 264 (D.C.1970).

¶ 14 This follows, because

[t]rial judges should not be expected to unilaterally review the hundreds of files assigned to them in search of motions which have been filed but have not been set for hearing or otherwise brought to the court's attention. Litigants have an affirmative obligation to move their cases to resolution.

*Erickson v. Breedlove*, 937 So.2d 805, 807 (Fla.Dist.Ct.App.2006); *see also Sewell Masonry Co. v. DCC Constr., Inc.*, 862 So.2d 893, 899 (Fla.Dist.Ct.App.2003) ("[Although] judges should be encouraged to take an active role in keeping themselves informed of the cases assigned to them, ... the trial judge should not be placed in the role of scheduling hearings on motions for parties who do not themselves seek rulings on their pleadings. Litigants have an affirmative obligation to move their cases to resolution and not sit back and rely on the trial court to set their hearings for them.").

¶ 15 This is particularly true where, as here, the responsibility for a case has been transferred to a different judge.

¶ 16 Nevertheless, in considering whether to dismiss for failure to prosecute, a trial court should consider the type of motion that is pending. In *Lukowsky v. Hauser & Metsch, P.A.*, 677 So.2d 1383 (Fla.Dist.Ct. App.1996), a division of the Florida District Court of Appeal determined, "[W]henever a dispositive motion is pending before the court, and the parties are awaiting the court's ruling on that motion, the duty to proceed rests squarely upon the court. During that period of the court's deliberation, the cause cannot be dismissed for lack of record activity." *Id.* at 1384.

¶ 17 Subsequently, the Florida Supreme Court disapproved any suggestion in *Lukowsky* that a motion to dismiss for failure to prosecute could not be granted "if there is any pending motion." *Patton v. Kera Tech., Inc.*, 946 So.2d 983, 987 (Fla.2006). But the Florida Supreme Court endorsed the central point of *Lukowsky*, when it stated that, "[i]f petitioners could have shown that a dispositive motion remained pending, in which the trial judge had not issued even an oral ruling, that would have furnished good cause [for not dismissing petitioners' case]." *Id.*

¶ 18 We find *Lukowsky* and *Patton* persuasive.

¶ 19 Here, instead, the court apparently overlooked the outstanding summary judgment motion and entered an order purporting to close the case.

¶ 20 In our view, MLM did everything it needed to do to put its dispositive summary judgment motion before the court. Contrary to the district court's finding, the original judge bifurcated the issues of (1) the parties' priorities with respect to the interpleaded funds; and (2) that part of MLM's summary judgment motion relating to its counterclaims. Although the court did not use the word "bifurcate," it said, "I'm not going to deal with [part of MLM's motion for summary judgment] right now," leaving the impression that that part of MLM's motion for summary judgment was still pending and that a ruling thereon would be entered in due

course. A hearing was not required to be held before the motion could be ruled on.

¶ 21 MLM, having done all that was required to obtain a ruling from the court, was not, in our view, obliged to "renew" the motion or even "remind" the court that the motion needed to be ruled on, to avoid the prospect of dismissal. In the first instance, the motion was already postured for a ruling; in the second instance, a "reminder" to the court, though preferable, could also have been viewed as potentially irritating.

¶ 22 It may well be that MLM should have checked the status of the case earlier. But even a plaintiff's gross negligence would not, in itself, require dismissal, where he or she resumes diligent prosecution of the claim. *See Farber v. Green Shoe Mfg. Co.*, 42 Colo.App. 255, 257, 596 P.2d 398, 400 (1979); *see also Lake Meredith Reservoir Co.*, 698 P.2d at 1345–46 (a trial court should consider a number of relevant factors, including whether a plaintiff has resumed prosecution after a lengthy delay, the length of delay, the reasons for the delay, the prejudice that will result to the defendant by allowing the matter to continue, difficulties in trying the case as a result of the delay, and the nature and extent of the plaintiff's renewed efforts).

¶ 23 Here, MLM had already done what it had to do to obtain a ruling on the merits, and its renewed motion signaled a desire to resume diligent prosecution of the counterclaims. Under the circumstances, we conclude that the district court erred in exercising its discretion to dismiss MLM's case because of MLM's inactivity while it awaited for thirteen months a ruling from the court.

¶ 24 Accordingly, the judgment is reversed and the case is remanded for reinstatement of, and further proceedings on, MLM's counterclaims.

Judge BERNARD and Judge GABRIEL concur.